**John M. HOPPER, Jr. and Benjamin B. Andrews d/b/a Ash Exploration, a partnership, Plaintiffs,**

v.

**Joe A. MAYEAUX, Defendant.**

**Civ. A. No. H–81–3240.**

United States District Court, S. D. Texas, Houston Division.

Aug. 25, 1982.

---

David M. Feldman, Houston, Tex., for plaintiffs.

Childs, Fortenbach, Beck & Guyton, Robert S. Blanc, Houston, Tex., for defendant.

## MEMORANDUM AND ORDER

STERLING, District Judge.

Pending before the Court is Defendant's motion to dismiss for lack of personal jurisdiction. Plaintiffs bring this action based upon Defendant's alleged breach of contract and fraudulent misrepresentations concerning the assignment of Defendant's interest in an oil and gas lease located in Iosco County, Michigan. Defendant is a resident of Jackson, Mississippi. Plaintiffs served process on Defendant under the Texas Long-Arm statute, Tex.Rev.Civ.Stat. Ann., art. 2031b.

The Texas Long-Arm statute permits the assertion of personal jurisdiction over a non-resident defendant where there is a nexus between the contacts with the forum and the cause of action such that the cause of action arises from such contacts, *Prejean v. Sonatrach, Inc.*, 652 F.2d 1260, 1264–67 (5th Cir. 1981), or where the defendant has substantial contacts with Texas, the state has an interest in adjudicating the dispute, and the plaintiff has an interest in effective and convenient relief. *Hall v. Helicopters Nacionales de Colombia, S.A.*, 638 S.W.2d 870, 25 Tex.Sup.Ct.J. 454, 456 (1982). Additionally, the assertion of personal jurisdiction must comport with federal due process considerations. *Prejean v. Sonatrach, Inc., supra* at 1268. Plaintiffs have the burden of demonstrating jurisdiction. *Product Promotions, Inc. v. Cousteau*, 495 F.2d 483, 490 (5th Cir. 1974).

■ Plaintiffs contend that this cause of action arises out of the following of Defendant's contacts with Texas:

(1) In May or June, 1981, Defendant contacted Plaintiffs by telephone from Mississippi to Texas and solicited Plaintiffs' offer to purchase an assignment of the lease.

(2) From July 27 to July 30, 1981, Plaintiffs telephoned their final offer to Defendant in Mississippi and Defendant telephoned his acceptance to Plaintiffs in Texas.

(3) On August 27, 1981, Plaintiffs drafted a letter agreement setting forth the terms of the oral agreement to assign the lease and mailed it to Defendant in Mississippi.

(4) From August through October, 1981, Defendant made representations to Plaintiffs by telephone from Mississippi to Texas that he had signed or would sign the letter agreement and would deliver the executed lease assignment personally to Plaintiffs in Texas.

(5) In late October, 1981, Defendant told Plaintiffs by telephone from Mississippi to Texas that he would not assign his lease interest to them.

Plaintiffs further contend that Defendant had the following contacts with Texas unrelated to this action:

(i) During February, 1981, dealing by mail and telephone, Defendant assigned his interest in an Oklahoma oil lease to Lee Lou Corporation of Lubbock, Texas.

(ii) During March or April, 1981, Defendant assigned his interest in a Mississippi oil lease to Canyon Oil Company of Dallas. Contact with Canyon Oil was made by Defendant's sometime joint venture partner, Jeff Miller.

(iii) During January, 1980, Defendant assigned his interest in a Mississippi oil lease to Pema Oil Company in New Orleans. Defendant knew that Pema was acting on behalf of Robert Mosbacher of Houston, but Defendant had no contact with Mosbacher.

(iv) During July, 1978, Defendant as agent for Louisiana Land and Exploration Company of New Orleans negotiated the assignment of a Mississippi oil lease held by the Grelling Estate of Tyler, Texas. The negotiations were conducted by mail and telephone between Mississippi and Texas.

Accepting all of these allegations as true for purposes of this motion, the Court is of the opinion that the assertion of personal jurisdiction over Defendant would not comport with federal due process considerations. Assuming that Defendant signed the letter agreement or that he is estopped from denying that he did, Defendant's statement in his deposition that he offered to deliver the assignment to Plaintiffs in Houston demonstrates that the parties contemplated part performance of the assignment contract in Texas. But Defendant did not purposefully avail himself of the benefits and protection of Texas law because: (a) the degree of purposefulness in creating an effect in Texas was slight, since Defendant's purpose was to assign his interest in an oil and gas lease in Michigan; (b) Defendant's other contacts with Texas unrelated to this suit are not substantial or pervasive, defining those terms in comparison with the other contacts with the forum of the defendants in *Perkings v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952) and *Hall v. Helicopters Nacionales de Colombia, S.A., supra*; and (c) the effect of Defendant's conduct on Texas was not substantial because Plaintiffs suffered no direct damages, as Defendant did not accept their $20,000.00 check, and Plaintiffs lost only their reliance damages, if any, and a share of the profits from the Iosco County lease, if any. *See Prejean v. Sonatrach, Inc., supra* at 1268–69. This is not a case where Texas has a strong interest in imposing liability on an out-of-state resident who has substantial business dealings in Texas and where the injured party may not be able to find the defendant in another forum that can provide effective and convenient relief.

■ In reaching this conclusion, the Court does not expressly or implicitly rely upon a finding that there is no nexus between this cause of action and Defendant's contacts with the forum. The Fifth Circuit has held that in determining whether juris-

diction exists under the Texas Long-Arm statute a federal district court must engage in a two step inquiry, i.e., (1) since the statute requires a nexus between the cause of action and the defendant's contacts with the forum, the initial step is to decide whether a nexus exists, and, if there is a nexus, then (2) decide whether the assertion of personal jurisdiction comports with federal due process. *Prejean v. Sonatrach, Inc., supra* at 1264. The Texas Supreme Court recently held that, while a nexus is a factor to be considered where there are few other contacts, the sole inquiry is whether exercising jurisdiction under the statute is consistent with federal due process. *Hall v. Helicopters Nacionales de Colombia, S.A., supra* at ——. Whatever the merits of this holding under traditional rules of statutory construction, as a diversity court this Court is bound to follow the Texas Supreme Court's interpretation of a Texas statute, *Erie R. R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), even where, as here, that interpretation makes the reach of Texas' long arm a question of federal due process.

While a Texas court might feel compelled to decide the nexus question because this Defendant has few other contacts with Texas, this Court is not bound to follow a Texas court's decision regarding federal due process, even in a diversity case. The Fifth Circuit's decision that the essence of the federal due process test is that the contact with the forum must not be fortuitous, *Prejean v. Sonatrach, Inc., supra* at 1268, states the law this Court must now follow in applying the Texas Long-Arm statute.

It is, therefore,

ORDERED that Defendant's motion to dismiss is GRANTED and that this action is DISMISSED.