Amir ZAKARIA, Plaintiff,

v.

E. SAFANI, Individually, and d/b/a Safani Gallery, Defendant.

Civ. A. No. J90-0051(L).

United States District Court,
S.D. Mississippi,
Jackson Division.

June 22, 1990.

**1264**

Angelo J. Dorizas, Jackson, Miss., for plaintiff.

John Low, Watkins & Eager, Jackson, Miss., for defendant.

## AMENDED MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of defendant E. Safani, individually and d/b/a Safani Gallery, to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Plaintiff Amir Zakaria has responded to the motion and the court has considered the memoranda together with attachments submitted by the parties.

■ When the court's authority to exercise jurisdiction over a nonresident is challenged, the burden is on the party seeking to invoke the court's jurisdiction to establish that the nonresident's activities are such that he has placed himself within the reach of the court's jurisdictional arm for purposes of the litigation under consideration. *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir.1989) (citing *D. J. Investments v. Metzeler Motorcycle Tire Agent Gregg*, 754 F.2d 542, 545 (5th Cir.1985)).

> If the question whether jurisdiction lies in federal court is to be decided on the basis of facts contained in the parties' affidavits, however, the party who bears the burden need only present a *prima facie* case for personal jurisdiction; proof by a preponderance of the evidence is not required.... Moreover, on a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a *prima facie* case for personal jurisdiction exists.

*D.J. Investments*, 754 F.2d at 545–46. The parties here have submitted affidavits containing conflicting facts. For purposes of the present motion, the court will accept as true the facts asserted in plaintiff's affidavit, set forth as follows.

Defendant is a New York resident who is in the business of buying, selling and otherwise dealing in works of antiquity. His business is Safani Gallery and is located on Madison Avenue in New York. Plaintiff is a resident of Mississippi. In early February 1989, Zakaria and his brother-in-law, Mohammed Kair Tenawi a/k/a Abou Kaheir, travelled to defendant's antique art gallery in New York. While there, plaintiff advised Safani that he owned an ancient stone head and the two had discussions concerning a possible sale of the head. Plaintiff had no photographs or other documents describing the head, which was located at his home in Mississippi, and defendant thus suggested that upon his return home, plaintiff ship the head to New York in order that defendant could examine it.

After he returned home to Mississippi, Zakaria decided to talk further with Safani

about selling the head. He telephoned Safani and they discussed the possible placement of the head for sale through Sotheby's Auction House in New York. They agreed that plaintiff would ship the head to defendant's gallery in New York and that plaintiff would return to New York. Consistent with that agreement, in early March 1989, plaintiff shipped the stone head from Mississippi to New York and on the same day, plaintiff himself, along with his brother-in-law, flew to New York and again went to defendant's place of business. At defendant's suggestion, plaintiff attempted to place the head with Sotheby's for auction. Following plaintiff's unsuccessful effort, defendant advised plaintiff that he would endeavor to have it placed in Sotheby's June 1989 Auction. Plaintiff returned home to Mississippi, leaving the head with defendant.

Several days after he returned home, Zakaria received a telephone call from Safani, who advised him that the head could be placed for sale through Sotheby's Auction if plaintiff desired. According to plaintiff, during that conversation, the two men entered an agreement whereby defendant was to place the head for sale with Sotheby's, with a minimum sale price of $6000. If the minimum price could not be obtained, defendant would return the head to plaintiff, charging plaintiff only for freight expense. If the head were successfully sold at Sotheby's, defendant would forward to plaintiff the proceeds of the sale, less a ten percent commission and any shipping expense.

According to Zakaria's affidavit, defendant later, while in New York, represented to plaintiff, in Mississippi, via telephone that he had attempted to place the head for sale with Sotheby's but the auction house would not accept the property and he had therefore sold the head to a third person for $6000; consequently, pursuant to their agreement, he owed plaintiff the sum of $5200. Plaintiff asserts that the defendant's representations during that conversation were false and fraudulent and that, contrary to Safani's representations and the parties' agreement, defendant had placed the head for sale through Sotheby's and received a price of $22,000.

■ A district court sitting in diversity may assert personal jurisdiction over a nonresident defendant if: (1) the state's long-arm statute applies; and (2) if due process is satisfied under the fourteenth amendment to the United States Constitution. *Cycles, Ltd. v. W.J. Digby, Inc.,* 889 F.2d 612, 616 (5th Cir.1989). The Mississippi long-arm statute applies to nonresidents who make a contract with a resident to be performed in whole or in part within the state, as is alleged by plaintiff in this case.[1] Under the facts claimed in plaintiff's affidavit, Safani did enter into a contract; he was to arrange for a sale of the head in New York and was to pay the proceeds of any sale to plaintiff in Mississippi. The state law prong of the jurisdiction analysis is satisfied.

■ *Bullion v. Gillespie,* 895 F.2d 213 (5th Cir.1990), is one of the Fifth Circuit's more recent expositions on the issue of the due process aspect of personal jurisdiction. There the court reiterated the principle that the exertion of personal jurisdiction over nonresident defendants must be preceded by findings that the defendant has "purposefully established 'minimum contacts' with the forum state" and that "entertainment of the suit against the nonresident would not offend 'traditional notions of fair play and substantial justice'." *Bullion,* 895 F.2d at 216 (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)). And as the Fifth Circuit has recognized, "[t]his

---

1. The long-arm statute also applies to nonresidents who commit a tort in whole or in part within the state against a resident or nonresident, and nonresidents who are "doing business" within the state. Miss.Code Ann. § 13–3–57. In addition to alleging that the defendant entered a contract with him, plaintiff alleges that defendant committed a tort, fraud, against him, part of which tort was committed in Mississippi. The court need not reach this particular allegation for jurisdiction purposes since it concludes that the defendant did enter a contract with plaintiff, a Mississippi resident, to be performed partly in the state.

jurisdictional analysis has been further refined to vary with the nature of the underlying litigation," *Dalton v. R & W Marine, Inc.,* 897 F.2d 1359 (5th Cir.1990):

> When a cause of action arises out of a defendant's purposeful contacts with the forum, minimum contracts are found to exist and the court may exercise its "specific" jurisdiction.... Even a single, substantial act directed toward the forum can support specific jurisdiction.... Where a cause of action does not arise out of a foreign defendant's purposeful contacts with the forum, however, due process requires that the defendant have engaged in "continuous and systematic contacts" in the forum to support the exercise of "general jurisdiction" over that defendant.

*Id.* at 1361–62 (citations omitted). In the case at bar, it is apparent that the facts of the case do not present a case for general jurisdiction over the nonresident. Defendant asserts, and plaintiff does not dispute, that the only contact defendant has ever had with Mississippi or a Mississippi resident is that relative to the transaction that is the subject of this lawsuit. Thus, the court's inquiry is directed toward a determination of defendant's amenability to suit under a specific jurisdiction analysis. In this regard,

> [i]t is well settled that specific jurisdiction may arise without the nonresident ever stepping foot upon the forum state's soil or may arise incident to the commission of a single act directed toward the forum. The appropriate inquiry is whether the defendant purposefully avails herself of the privilege of conducting activities instate, thereby invoking the benefits and protections of the forum state's laws.... Jurisdiction is improper if grounded in the unilateral activity of the plaintiff.

*Bullion,* 895 F.2d at 216 (footnotes omitted).

Plaintiff clearly initiated the transaction at issue. He travelled to New York and appeared at defendant's place of business to inquire about selling the head. There is nothing to indicate that defendant had ever met plaintiff prior to that time and consequently there is no suggestion that Safani prompted or invited plaintiff's visit. According to plaintiff's own affidavit, it was he, not defendant, who thereafter decided to pursue the transaction, which he did by telephoning the defendant in New York from his home in Mississippi. Further, the plaintiff shipped the head to New York and himself travelled to New York a second time to further discuss arrangements for a possible sale of the head by Safani. And, ultimately the property was sold in New York.

Though during the parties' relationship Safani did telephone plaintiff at his home in Mississippi to advise him that he could place the head with Sotheby's for auction as was desired by plaintiff, and later mailed to Zakaria a check which was represented as the proceeds of the sale, there was no other act by the defendant that could be considered a "contact" with Mississippi. Plaintiff does recount in his affidavit a subsequent telephone conversation with Safani, in which allegedly fraudulent representations were made by Safani. But plaintiff does not state that this later call was initiated by Safani and indeed, from a review of Safani's affidavit, it appears that the conversation described by plaintiff occurred in a telephone call made by plaintiff in Mississippi to Safani in New York.[2]

Jurisdiction in this case is sought to be predicated on nothing more than a single telephone call and the mailing of a check to Mississippi. The court is cognizant that "[t]he number of contacts with the forum state is not, by itself, determinative,"

---

**2.** Plaintiff states merely that "the Defendant represented to me over the telephone (while I was in Mississippi and he was in New York) that he sold my property for $6,000.00 to a third person; that he deducted ten percent (10%) of the sale price ($600.00) and an additional $200.00 for freight, and thereby arrived at a net figure due me in the amount of $5,200.00." He further states that "the false and fraudulent statements communicated to me by the Defendant were while I was in Mississippi, and the Defendant was in New York."

*Brown v. Flower Indus., Inc.,* 688 F.2d 328, 333 (5th Cir.1982); in a given case, a single telephone call may suffice. *See, e.g., Brown,* 688 F.2d at 333–34.[3] However, in the case at bar, when considered in the context of the events surrounding the parties' transaction, defendant's conduct which had some connection to Mississippi must be considered de minimis; it cannot be said that this defendant engaged in affirmative acts to purposefully avail himself of the benefits and protections of Mississippi law. Defendant did nothing more than engage in a business transaction with an individual who happened to be a resident of Mississippi for the purpose of selling property in New York; he was merely following through a process initiated by the plaintiff, a process which was focused primarily in New York. The single telephone call to finalize an arrangement which had already been discussed at length between the parties during face-to-face meetings in New York coupled with the defendant's having later mailed a check to plaintiff in connection with the transaction is simply insufficient to establish a *prima facie* case for the exertion of personal jurisdiction over the nonresident defendant. *See Charia v. Cigarette Racing Team, Inc.,* 583 F.2d 184 (5th Cir.1978) (Louisiana district court had no jurisdiction over Florida resident; there were numerous phone calls and letters, some of which were initiated by nonresident but only face-to-face discussions about sale that was subject of lawsuit occurred during plaintiff's visits to defendant's plant in Florida). Due process involves considerations of fairness. In the court's opinion, it would be unfair to require the defendant to defend suit in this forum.

Based on the foregoing, the court concludes that it lacks *in personam* jurisdiction over the defendant and accordingly defendant's motion to dismiss should be granted.

---

**3.** In *Brown,* the nonresident defendant allegedly made a defamatory telephone call from Indiana to the United States Attorney in Oxford, Mississippi which caused plaintiffs to lose the chance to secure a $4 million loan from the Farmers

A separate judgment shall be entered in accordance with Federal Rule of Civil Procedure 58.

Home Administration. Unlike the case at bar, the defendant there purposefully initiated the phone call which he knew or could easily have foreseen would cause the plaintiffs injury in Mississippi.