**NORTHEAST STRUCTURES, INC.**

v.

**WOLFEBORO CORINTHIAN YACHT CLUB, INC.**

**Civ. A. No. 90–0533B.**

United States District Court,
D. Rhode Island.

Aug. 28, 1991.

Robert L. Simmons, Simmons & Simmons, Cumberland, R.I., for plaintiff.

Linda E. Buffardi, John T. Walsh, Jr., Higgins, Cavanagh & Cooney, Providence, R.I., for defendant.

## FINDINGS AND RECOMMENDATIONS

JACOB HAGOPIAN, United States Magistrate Judge.

Before the court is the defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2). My findings and recommendations are proposed to the Court pursuant to 28 U.S.C. Section 636(b)(1)(B) and Local Rule of Court 32(c)(2).

*Statement of the Claim*

Plaintiff, Northeast Structures, Inc. ("Northeast") instituted this action seeking subrogation and indemnification for financial damages incurred as the result of its payment of worker's compensation benefits and medical costs to their injured employee. Defendant, ·Wolfeboro Corinthian

Yacht Club ("WCYC") brings the instant motion seeking dismissal of this case due to a lack of personal jurisdiction pursuant to Fed.R.Civ.P. 4.

### Statement of the Case

WCYC is a New Hampshire corporation with its principal place of business in Wolfeboro, New Hampshire. Northeast is a Rhode Island corporation with its principle place of business in North Smithfield, Rhode Island. Northeast is a general building contractor which furnishes materials and labor used in the erection of buildings. Neither party has any real or personal property, officers, agents or employees, bank accounts or telephone listings outside of their state of incorporation. On or about July 31, 1987, WCYC and Northeast entered into a contract under which Northeast was to erect a building on property owned by WCYC. Negotiations were conducted primarily by telephone and mail between Rhode Island and Wolfeboro, New Hampshire.

On or about October 27, 1987, David E. Houle, a principle and Vice President of Northeast, travelled to Wolfeboro with an employee, Keith E. Pepler, a Rhode Island resident, and his cousin, Richard Houle, who was not employed by Northeast, to view the construction site and to witness the delivery of a load of prefabricated trusses. During the unloading process, a crane, owned by WCYC and operated by a WCYC employee, dropped a truss, which struck and injured Pepler and Richard Houle.

### Discussion

■ The burden of proving *in personam* jurisdiction rests with the plaintiff. *Donatelli v. National Hockey League*, 893 F.2d 459 (1st Cir.1990).

This Court has frequently addressed the question of what must be shown in order for the court to exercise personal jurisdiction over a non-resident defendant. *Thompson Trading Ltd. v. Allied Lyons PLC*, 123 F.R.D. 417 (D.R.I.1989); *Levinger v. Matthew Stuart & Co., Inc.*, 676 F.Supp. 437 (D.R.I.1988). In *Levinger*, the Court noted:

Whether a federal court has personal jurisdiction over a defendant depends upon two criteria: (1) whether the mandates of the forum state's long-arm statute have been satisfied, and 2) whether the defendant has been hailed into the particular court in accordance with the due process clause of the Fourteenth Amendment to the United States Constitution. Since the Supreme Court of Rhode Island has held that Rhode Island's long-arm statute reaches to the full breadth of the Fourteenth Amendment, *Conn. v. ITT Aetna Finance Co.*, 105 R.I. 397, 402, 252 A.2d 184, 186 (1969), one need only examine the foundation for the second criterion listed above. 676 F.Supp. at 439; *see also Thompson Trading*, 123 F.R.D. 417 (D.R.I.1989). Rhode Island's expansive long-arm statute is codified as R.I.Gen. Laws Section 9–5–33.

In a long line of cases, the United States Supreme Court has sought to define the Fourteenth Amendment boundaries of *in personam* jurisdiction. The basic standard announced by the Supreme Court in 1945 is as follows:

> [D]ue process requires only that in order to subject a defendant to a judgement *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe Company v. State of Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940)).

■ Further, the sufficiency of minimal contacts to support an exercise of jurisdiction cannot be determined by any set formula or rule of thumb, but must rest on a consideration of what is fair and reasonable in the circumstances of each particular case. *Sandstrom v. Chemlawn Corporation*, 904 F.2d 83 (1st Cir.1990). Whether due process is satisfied depends upon the quality and nature of the activity in relation to the fair and orderly administration

of the laws which it was the purpose of the due process clause to insure. *International Shoe Co., supra,* 326 U.S. at 319, 66 S.Ct. at 159.

■ Two doctrines relating to *in personam* jurisdiction have emerged in recent decisions. General *in personam* jurisdiction is said to exist where a defendant "has such continuous and systematic contacts with the forum that bringing him into court on any matter, whether arising out of those contacts or not, does not offend the International Shoe due process standard." *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

The second doctrine, that of *specific in personam* jurisdiction, is said to exist if the claim for relief sued upon arises out of or relates to a defendant's contact with the forum state. *Id.* If so, then *specific in personam* jurisdiction may be found based on the relationship among the defendant, the forum, and the litigation. *Glater v. Eli Lilly Co.,* 744 F.2d 213, 215 (1st Cir.1984).

■ The act which is the linchpin of plaintiff's indemnification claim in this case is the dropping of the trusses on Keith Pepler in Wolfeboro, New Hampshire. Defendant's only contact with the State of Rhode Island were several telephone conversations and letters to Northeast. These limited interactions initiated the parties' business relationship, but are far too minimal and too attenuated to be linked to the accident or cause of action, which injured Northeast's employee. These contacts lack the requisite quality and nature necessary to insure compliance with the due process clause and, accordingly, do not satisfy the doctrine of specific *in personam* jurisdiction.

Thus, here, personal jurisdiction would exist, if at all, under the doctrine of general *in personam* jurisdiction. A foreign corporation defendant may be subjected to the forum state's reach if its activities are "substantial" or "continuous and systematic," even if these activities do not relate to the cause of action. *Glater, supra,* at 215. A foreign corporation with such contacts is said to be already "present" in the forum and thus subject to the state's general *in personam* jurisdiction. *Id.* In *Helicopteros,* the Supreme Court refused to find general *in personam* jurisdiction over the defendant where its forum contacts consisted of the following:

(1) a trip to the forum by the defendant's chief executive to discuss selling helicopters to a joint venture; (2) defendant's purchase of helicopters, equipment, and training services; (3) the fact that the defendant sent its pilots, management and personnel to the forum for training, and (4) the fact that the defendant received $5,000,000.00 in payments drawn on a forum bank.

Here, any contacts that WCYC had with the State of Rhode Island fall short of those necessary to subject it to general *in personam* jurisdiction in this forum. Not only were the materials purchased for the project of a less substantial amount than in *Helicopteros,* but also, no representatives of WCYC has ever travelled to Rhode Island to discuss any contracts it may have had with Northeast. WCYC's contacts are not "continuous and systematic" nor are they substantial enough to justify calling upon the defendant to defend in this forum. In addition, it should be noted that recovery is already being sought by Keith Pepler for the same elements of damage that are claimed here by Northeast in an action that is presently being litigated in the United States District Court for the District of New Hampshire. To allow such duplicitous litigation to proceed in this Court would do violence to Rule 1 of the Fed. R.Civ.P.

*Recommendation*

For the above stated reasons, defendant, WCYC's motion to dismiss this matter should be granted or in the alternative that the action be transferred to the United States District Court for District of New Hampshire. I so recommend to the Court.[1]

---

1. Any objection to this Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of the receipt of the Recommendation. Rule 32, Local Rules of Court; Rule 72(b), Fed.R.Civ.P. Failure to timely file specific objections to the magistrate judge's Recommendation, Findings or Report is a waiver of the right to review by the District

## ORDER

The Recommendation of United States Magistrate Hagopian filed on August 2, 1991 in this action is adopted pursuant to Title 28 United States Code Section 636(b)(1), since no objection has been timely filed and the time for objecting has expired and the action is dismissed.

Court. *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980).