**MEMORIAL HOSPITAL SYSTEM, Plaintiff,**

v.

**BLUE CROSS AND BLUE SHIELD OF ARKANSAS, Defendant.**

Civ. A. No. H93–912.

United States District Court,
S.D. Texas,
Houston Division.

Aug. 26, 1993.

John O. Brentin, Sullins, Johnston, Rohrbach, Magers & Herbert, Houston, TX, for plaintiff.

Patrick J. McGettigan, Jr., McGettigan, Gill & Hargis, L.L.P., Houston, TX, for defendant.

## MEMORANDUM AND ORDER OF DISMISSAL

WERLEIN, District Judge.

Before the Court is Defendant Blue Cross and Blue Shield of Arkansas's ("Blue Cross") Motion to Dismiss for Lack of Jurisdiction (Document No. 3). Having considered the motion, response, arguments, and authorities submitted by the parties, the Court is of the opinion that the motion should be GRANTED.

### I. Background

Plaintiff Memorial Hospital System ("Memorial"), a health care provider located in Houston, Texas, brought this action against Blue Cross, a foreign insurance company located in Little Rock, Arkansas. Memorial alleges that this Court has *in personam* jurisdiction over Defendant by reason of a single long distance telephone conversation between an employee of Memorial in Houston, Texas, and a Blue Cross employee in Little Rock, Arkansas. Specifically, Plaintiff alleges that on February 12, 1992, a Memorial employee contacted Defendant by long distance telephone to inquire about possible insurance coverage for the proposed treatment of Carolyn Harkey ("Harkey"), a Memorial patient.[1] During the telephone con-

---

1. Defendant maintains that it has no record of any communication, "either written or oral, with Memorial Hospital System on February 12, 1990, the alleged date of Carolyn Harkey's admission to the hospital." Affidavit of Robert D. Cabe, Defendant's Motion to Dismiss For Lack of Jurisdiction (Document # 3). Even so, for purposes of this motion the court takes Plaintiff's factual

versation, an agent of Defendant allegedly represented to the caller (1) that a $300 deductible applied; (2) that Harkey was covered for 80% of the hospitalization charges until she incurred $5,000.00 in out-of-pocket costs; and (3) that Harkey's coverage would pay 100% thereafter, up to a maximum of $1,000,000.[2] In reliance on these alleged representations, Memorial treated Harkey from February 12, 1992 through February 20, 1992. Thereafter, Memorial filed with Blue Cross a claim for $10,070.00, such amount being the total charges for Harkey's hospitalization and treatment. *See* Affidavit of John Sheeks, Attached as Exhibit A to Plaintiff's Original Petition. Despite Memorial's demand, Blue Cross refused to pay.

Defendant Blue Cross is an Arkansas corporation, licensed and doing business only in the state of Arkansas, with its principal place of business in Little Rock, Arkansas. The record is undisputed that Blue Cross maintains no place of business in Texas; does not engage and has not engaged in any business here, has no office, agents or employees in Texas; is not registered to do business in Texas; does not advertise or otherwise solicit any business or offer any insurance products in Texas; owns no real estate in Texas; and neither the Chief Operating Officer, nor any other corporate officer of Defendant, resides in Texas. Consequently, jurisdiction over Defendant, if any, must arise from the single alleged telephone conversation which, as Plaintiff concedes, is Defendant's only contact with this forum.

## II. *Discussion*

The exercise of jurisdiction over a nonresident defendant must not offend "traditional notions of fair play and substantial justice" of the due process clause of the Fourteenth Amendment. *International. Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). The due process clause in this context has been held to require: (1) the nonresident must have some minimum contacts with the forum state resulting from an affirmative act or acts on its part; and (2) it must not be unfair or unreasonable to require the nonresident to defend the suit in the forum state. *Growden v. Ed Bowlin and Associates, Inc.,* 733 F.2d 1149, 1150 (5th Cir.1984). Crucial to this due process analysis is "the relationship among the defendant, the forum, and the litigation." *Stuart v. Spademan,* 772 F.2d 1185, 1190 (5th Cir.1985), *citing Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 413, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984), *Shaffer v. Heitner,* 433 U.S. 186, 202–204, 97 S.Ct. 2569, 2579–80, 53 L.Ed.2d 683 (1977). Moreover, the "defendant's conduct with the forum [must be] such that he should reasonably anticipate being haled into court there." *Stuart,* 772 F.2d at 1191, *citing World Wide Volkswagen v. Woodson,* 444 U.S. 286, 297,

allegations as true, and resolves all factual conflicts in Plaintiff's favor, in order to determine whether Plaintiff has made a prima facie case for in personam jurisdiction over the Defendant. *Thompson v. Chrysler Motors Corp.,* 755 F.2d 1162, 1165 (5th Cir.1985).

**2.** Defendant filed a petition for removal of this case to federal court on March 29, 1993, alleging that the insurance policy under which Plaintiff sought medical insurance benefits as a medical provider was regulated by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., and thus the court had original jurisdiction over the action pursuant to ERISA and 28 U.S.C. § 1331. ERISA encompasses, in part, any "employee welfare benefit plan" that provides "for its participants or their beneficiaries, through the purchase of insurance or otherwise ... medical surgical, or hospital care or benefits...." 29 U.S.C. § 1002(1). Furthermore, although only a "participant," "beneficiary," "fiduciary" or the Secretary of Labor can bring a civil enforcement action under ERISA, 29 U.S.C. § 1132(a)(1), ERISA health care benefits are assignable to health care providers by beneficiaries. *Hermann.Hosp. v. MEBA Medical & Benefits Plan,* 845 F.2d 1286, 1289 (5th Cir. 1988). In its original state court petition, Plaintiff asserted that if an ERISA employee welfare benefit plan were found to exist, then Plaintiff had standing to bring a cause of action under ERISA because Harkey made an irrevocable assignment of any right to payment she had under the plan to Memorial Hospital System. Since the plan in question falls within the broad language of ERISA, and Plaintiff would have derivative standing to bring a civil enforcement action under ERISA, subject matter jurisdiction exists based upon a federal question. 28 U.S.C. § 1331. The Court has supplemental jurisdiction of Plaintiff's state law causes of action for breach of contract, negligence, negligent misrepresentation, breach of duty of good faith and fair dealing, and actions arising under the Texas Deceptive Trade Practices Act, and the Texas Insurance Code.

100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). No defendant should be haled into a jurisdiction solely as a result of " 'random,' 'fortuitous,' or 'attenuated' " contacts. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 486, 105 S.Ct. 2174, 2189, 85 L.Ed.2d 528 (1985) *quoting World Wide Volkswagen*, 444 U.S. at 299, 100 S.Ct. at 568.

The Texas long-arm statute extends personal jurisdiction to nonresidents when the action arises from the nonresidents' business in the state, and doing business includes committing a tort in Texas. Tex.Civ.Prac. & Rem.Code Ann. §§ 17.042–.043. Because the Texas long-arm statute extends to the constitutional limits of due process, *U–Anchor Advertising, Inc. v. Burt*, 553 S.W.2d 760, 762 (Tex.1977), *cert. denied*, 434 U.S. 1063, 98 S.Ct. 1235, 55 L.Ed.2d 763 (1978), the principal question at hand is whether an assertion of jurisdiction by this Court over Defendant Blue Cross is constitutionally permissible.[3]

■ Procedurally, when a defendant files a motion to dismiss for lack of personal jurisdiction, the general rule is that the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident. *Bullion v. Gillespie*, 895 F.2d 213, 216–217 (5th Cir.1990); *Stuart v. Spademan*, 772 F.2d 1185, 1191 (5th Cir.1985); *Thompson*, 755 F.2d at 1165; *D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 545 (5th Cir.1985). When the district court decides the defendant's motion without an evidentiary hearing, the plaintiff's burden is met by presenting a prima facie case for personal jurisdiction. In that respect, "[t]he allegations of the complaint, except insofar as controverted by opposing affidavits, must be taken as true, and all conflicts in the facts must be resolved in favor of the plaintiffs for purposes of determining whether a prima facie case for personal jurisdiction has been established." *Thompson*, 755 F.2d at 1165, *citing DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1270–71 (5th Cir.1983); *Black v. Acme Markets, Inc.*, 564 F.2d 681, 683 n. 3 (5th Cir.1977).

■ Accepting all of Plaintiff's factual allegations as correct, the Court concludes that an assertion of jurisdiction over Defendant Blue Cross would not comport with federal due process considerations. Plaintiff relies upon a Texas case, *Siskind v. Villa Foundation for Education, Inc.*, 642 S.W.2d 434 (Tex.1982) for its contention that "in a misrepresentation case, even if the misrepresentation occurs outside the state of Texas, a tort is committed in Texas, if reliance thereon occurred in Texas." (Plaintiff's Response to Defendant's Motion to Dismiss, Document No. 5 at 3). While as a general rule a federal court should defer to a state court's interpretation of a state statute, *Erie R.R. Co. v. Thompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), a federal court is not bound by the decision of a state court regarding the requirements of federal due process. *See, e.g., Green v. USF & G Corp.*, 772 F.Supp. 1258, 1262 (S.D.Fla.1991); *Hopper v. Mayeaux*, 545 F.Supp. 1174, 1177 (S.D.Tex. 1982). Federal law determines whether an assertion of jurisdiction over a defendant comports with notions of due process. In any event, however, *Siskind* is quite different from the case at bar because there the Arizona defendant intentionally solicited business in Texas by (1) advertising in national publications that were circulated in Texas; (2) advertising in Texas telephone directories; and (3) mailing informational packets, applications for admission, invitations to reenroll, and enrollment contracts to Texas residents. No such affirmative conduct is alleged here, and Plaintiff in fact concedes that its own employee, *from* Texas, initiated *to* Arkansas the sole phone call from which this lawsuit arose.

■ Nonetheless, Plaintiff maintains that if an out-of-state tortfeasor such as Blue Cross knows that the brunt of the injury will be felt by a Texas resident, the tortfeasor must reasonably foresee being haled into a Texas court to answer for such actions. *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984); *see also Brown, in-*

---

3. The *U–Anchor* Court noted that construing the Texas Long Arm Statute to extend to the limits of due process was desirable because it allowed courts to focus on the constitutional due process limitations "rather than engaging in technical and abstruse attempts to define the wording of the long arm statute." *U–Anchor*, 553 S.W.2d at 762.

*fra.* Foreseeability is indeed relevant to a jurisdictional analysis, but the type of foreseeability that is critical to establishing in personam jurisdiction over an out-of-state defendant is that the defendant's own purposeful acts have some effect in the forum. *Asahi Metal Indus. Co. v. Superior Court,* 480 U.S. 102, 112, 107 S.Ct. 1026, 1032–33, 94 L.Ed.2d 92 (1987). Thus, in *Calder,* the plaintiff, a California resident, was the subject of an allegedly libelous magazine article written and edited in Florida by defendants, both Florida residents, and published in the National Enquirer, a magazine with its largest circulation in California. The Court held that jurisdiction in California over the Florida defendants was proper because their "actions were expressly aimed at California," *Id.* 465 U.S. at 789, 104 S.Ct. at 1487, and "intentionally directed at a California resident." *Id.* The Court also noted that one of the defendants had gathered information contained in the article by phone calls to California sources, and that this same defendant, shortly before publication, called the plaintiff's home and read to her husband a draft of the article so as to elicit his comments. *Id.* at 786, 104 S.Ct. at 1485. On the other hand, negligently answering in Arkansas a single, long-distance telephone inquiry initiated by a Texas hospital to ascertain the availability of insurance coverage, does not compare with such circumstances, and would therefore not rise to the level of an act or acts by the Arkansas insurer that can be regarded as purposefully directed or aimed at Texas as a forum.

Other cases, though not cited by Plaintiff, are relevant to the issue *sub judice* and merit a brief discussion. In particular, *Memorial Hospital System v. Fisher Insurance Agency, Inc.,* 835 S.W.2d 645 (Tex.App.—Hosuton, 1992, no writ), and several of the cases cited therein,[4] bear upon the due process issue, and possess facts almost identical to those of the case at bar. In *Memorial,* the out-of-state defendant, Fisher Insurance, was contacted by Memorial Hospital via telephone to verify the existence of workers' compensation coverage for Carlos Mejia. A Fisher employee allegedly advised Memorial that employees of the Robert Kelly Company where Mejia worked were covered by workers' compensation. Relying on this information, Memorial admitted Mejia and provided treatment. Subsequently, however, it was discovered that the Robert Kelly Company's policy did not provide coverage in Texas. Memorial sued Fisher for negligent misrepresentation.

Although Fisher's only contact with Texas consisted of the telephone conversation with Memorial, the Fourteenth Court of Appeals, relying principally on a 1957 United States Supreme Court decision[5] as well as two Fifth Circuit rulings and a Texas district court opinion,[6] found that jurisdiction was established under the Texas Long Arm Statute. The Court emphasized that Fisher, acting in the course of its business, should have known that Memorial would rely on the information in deciding whether to provide treatment to Mejia, and that accordingly Fisher was not denied due process by being subject to suit in Texas because it allegedly committed a tort with a foreseeable economic injury in Texas.

Another Texas court of appeals, however, in an analogous situation, recently found that telephone calls and letters from an out-of-state resident are insufficient to establish in personam jurisdiction in Texas. *Laykin v. McFall,* 830 S.W.2d 266 (Tex.App.—Amarillo 1992, no writ). In that case a Texas resident sued a California resident for conversion, fraud and deceptive trade practices allegedly arising from a telephone transaction in which the plaintiff asked the defendant to sell a ring for her. Plaintiff sent the ring to defendant in California, but plaintiff later found another buyer, and requested that defendant return the ring. Defendant refused, and attempted to negotiate a purchase for himself. In so doing, the California defendant sent

**4.** *See* notes 5 through 7, *infra.*

**5.** *McGee v. International Life Insurance Co.,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957).

**6.** *D.J. Investments v. Metzler Motorcycle Tire,* 754 F.2d 542 (5th Cir.1982); *Brown v. Flowers Indus., Inc.,* 688 F.2d 328 (5th Cir.1982), *cert. denied,* 460 U.S. 1023, 103 S.Ct. 1275, 75 L.Ed.2d 496 (1983); *Ramm v. Rowland,* 658 F.Supp. 705 (S.D.Tex.1987).

two letters and made two telephone calls to plaintiff in Texas. Prior to the suit, the defendant had never owned any real or personal property in Texas, never solicited any business in Texas, and never visited Texas. The court held that the California defendant's original agreement either to send the sale proceeds or the ring back to Texas, even when coupled with the two letters and phone calls, did not purposefully invoke the benefits and protections of Texas law. *Id.* at 269. The court rejected the argument that jurisdiction should rest upon the torts of fraud and conversion, because defendant's actions were neither purposefully directed nor aimed at Texas in such a way that he could reasonably anticipate being sued in a Texas court. *Id.* at 270–71. The court therefore found that Texas courts had no jurisdiction over the defendant.

While the Fifth Circuit appears not to have addressed this precise issue,[7] other federal courts have held that fortuitous or unsolicited telephone contacts are by themselves insufficient to support personal jurisdiction over an out-of-state resident. *See Sun Bank, N.A. v. E.F. Hutton & Co.*, 926 F.2d 1030, 1034 (11th Cir.1991) (telephone calls initiated by plaintiff during which out-of-state defendant allegedly made fraudulent representations were constitutionally insufficient to support jurisdiction); *McBreen v. Beech Aircraft Corp.*, 543 F.2d 26, 31 (7th Cir.1976) ("[t]he sole contact between defendant ... and the forum in this case consisted of remarks made during a telephone call which was neither solicited nor initiated by the defendant."); *see also Fox v. Boucher*, 794 F.2d 34, 37 (2nd Cir.1986) (single long-distance telephone call made to New York State by out-of-state resident insufficient contact under New York Long Arm Statute to support suit initiated in New York against out-of-state resident, despite possibility of foreseeable consequences

in New York); *Chung v. NANA Development Corp.*, 783 F.2d 1124, 1128 (4th Cir. 1986), *cert. denied*, 479 U.S. 948, 107 S.Ct. 431, 93 L.Ed.2d 381 (1986) (non-resident seller's negotiation of essential terms of contract in an interstate telephone conversation initiated by buyer and seller's shipment of goods by common carrier to Virginia were insufficient to support in personam jurisdiction over seller in Virginia); *Mountaire Feeds, Inc. v. Agro Impex S.A.*, 677 F.2d 651, 652 (8th Cir.1982) (uses of mail, telephone and banking facilities were, standing alone, insufficient to confer in personam jurisdiction over out-of-state corporation in Arkansas).

Many federal district courts addressing this issue have reached the same conclusion. *See, e.g., Green v. USF & G Corp.*, 772 F.Supp. 1258, 1262 (S.D.Fla.1991) (Florida plaintiff's telephone call to Maryland defendant, who allegedly made slanderous statement, and defendant's telephone call to plaintiff in Florida, did not support jurisdiction in Florida over defendant); *Zakaria v. Safani*, 741 F.Supp. 1263, 1265 (S.D.Miss.1990) (due process would not permit jurisdiction in Mississippi over New York defendant who made telephone call to Mississippi to finalize arrangement discussed at previous meeting between parties in New York, and who later mailed check to resident/plaintiff in Mississippi); *North American Financial Corp. v. Amgrar Gesellschaft Fur Farmlagen*, 702 F.Supp. 1435, 1439 (D.Minn.1989) (phone and mail contacts between parties insufficient to support jurisdiction in Minnesota over foreign corporation for breach of contract action); *Forgash v. Paley*, 659 F.Supp. 728, 730 (S.D.N.Y.1987) (Arizona broker having no New York office and owning no New York property was not "doing business" under New York Long Arm Statute by placing two long distance telephone calls per year to New

---

7. The Fifth Circuit has held that "an exchange of [written] communications between a resident and a nonresident ... is insufficient of itself to be characterized as purposeful activity invoking the benefits and protection of the forum state's laws." *Stuart*, 772 F.2d at 1193; *Hydrokinetics, Inc. v. Alaska Mechanical, Inc.*, 700 F.2d 1026, 1029 (5th Cir.1983), *cert. denied*, 466 U.S. 962, 104 S.Ct. 2180, 80 L.Ed.2d 561 (1984); *Charia v. Cigarette Racing Team, Inc.*, 583 F.2d 184, 187–88 (5th Cir.1978); *Benjamin v. Western Boat*

*Building Corp.*, 472 F.2d 723, 729 (5th Cir.), *cert. denied*, 414 U.S. 830, 94 S.Ct. 60, 38 L.Ed.2d 64 (1973). While the Fifth Circuit has found that a single long-distance telephone call allegedly constituting an intentional tort was sufficient to establish in personam jurisdiction, *Brown, infra*, at 334, that holding rested, in part, on the fact that the defendant initiated the telephone conversation and allegedly committed an intentional tort. *Brown, infra*, at 334. Neither factor is present in the case at bar.

York firms); *Groome v. Feyh,* 651 F.Supp. 249, 254 (S.D.Fla.1986) (telephone calls made to Florida investor by out-of-state sellers of stock in Missouri corporation did not support jurisdiction over sellers in Florida); *McDonald v. St. Joseph's Hospital of Atlanta, Inc.,* 574 F.Supp. 123, 126 (Tennessee defendant's responses to four telephone calls received from Georgia plaintiff insufficient contact with Georgia to support personal jurisdiction in Georgia); *Northeast Structures, Inc. v. Wolfeboro Corinthian Yacht Club, Inc.,* 138 F.R.D. 345, 346 (D.R.I.1991) (court lacked jurisdiction over foreign corporation whose only contacts with forum were several telephone conversations with and letters to plaintiff/contractor).

Taking Memorial's factual allegations as true, its sole basis for asserting specific *in personam* jurisdiction over Blue Cross admittedly rests on nothing more than a single, unsolicited long-distance telephone call placed by Memorial to the offices of Blue Cross in Little Rock, Arkansas, where an employee of Blue Cross answered the telephone and negligently replied to a question asked by Memorial. Blue Cross is not alleged to have had any other contacts with Texas. While the Court is aware that "[t]he number of contacts with the forum state is not, by itself, determinative," *Brown,* 688 F.2d at 333, Blue Cross did not engage in any affirmative acts purposefully or intentionally to avail itself of the benefits and protections of Texas law. To answer the telephone and to respond to a question, even negligently, in a single uninvited and unsolicited long-distance telephone call, does not constitute sufficient minimum contacts with the State of Texas to subject Blue Cross to in personam jurisdiction in Texas. To hold otherwise would offend traditional notions of "fair play and substantial justice" which are critical to a due process analysis. *International Shoe,* 326 U.S. at 316, 66 S.Ct. at 158.

### III. *Order*

Based on the foregoing, the Court concludes that it lacks in personam jurisdiction over the Defendant and accordingly Defendant Blue Cross and Blue Shield of Arkansas, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction (Document No. 3) is GRANTED, and all causes of action filed herein by Plaintiff Memorial Hospital System are DISMISSED without prejudice to their being filed in a court of appropriate jurisdiction.