**CITY OF RIVERVIEW, MICHIGAN,**
Appellant,

v.

**AMERICAN FACTORS, INC., Appellee.**

No. 05–01–00841–CV.

Court of Appeals of Texas,
Dallas.

April 11, 2002.

Eric Gordon Walraven, Godwin Gruber, P.C., Scott K. Huber, Fanning, Harper & Martinson, P.C., Dallas, for Appellant.

Robert Bruce Buchan, Dallas, for Appellee.

Before Justices KINKEADE, MORRIS, and BRIDGES.

## OPINION

Opinion by Justice MORRIS.

This is an interlocutory appeal from the trial court's denial of a special appearance. The City of Riverview, Michigan contends the trial court erred in asserting jurisdiction over it based on a single telephone conversation its employee had with American Factors, Inc., a Texas based company. We agree. We reverse the trial court's order and dismiss all claims in this cause filed against the City without prejudice to their being filed in a court of competent jurisdiction.

### I.

In May 1998, the City of Riverview, Michigan hired ABC Janitorial Services, Inc., a Michigan corporation, to perform janitorial work in the City's offices. On July 23, ABC sent a letter to the City's accounts payable office stating that payments on all future ABC invoices must be made to American Factors in Dallas, Texas. The letter further stated that if the City had any questions about the arrange-

ment with American Factors, it should call either of two telephone numbers provided: a toll free number or a telephone number in Dallas.

In response to the letter, a City employee called American Factors to inquire whether ABC was having problems. American Factors explained its arrangement with ABC and what the factoring agreement meant. A representative of American Factors told the City employee that ABC was not having problems, but was merely trying to obtain working capital. This working capital was provided by American Factors based on ABC's receivables. According to American Factors, the City employee was specifically told that American Factors would not finance ABC unless the City committed to sending its invoice payments for ABC's work directly to American Factors. American Factors alleges that, in response to their inquiry about whether the City would make such a commitment, the City promised to send all future payments for ABC invoices to American Factors. American Factors further alleges that, in reliance on that promise, it sent money to ABC.

Following this conversation, the City continued to send its invoice payments to ABC. American Factors contends ABC engaged in a scheme to appropriate and convert these payments as well as payments on other accounts. American Factors filed suit against ABC and various other parties, including the City. The claims asserted against the City included breach of duty, fraud, and negligent misrepresentation based on the City's failure to pay American Factors directly as promised.

The City filed a special appearance contesting the trial court's jurisdiction over it. American Factors responded arguing the City's misrepresentation that it would make payments directly to American Factors amounted to a tort committed in Tex-

as and was sufficient to bring the City within the jurisdiction of a Texas court. The trial court agreed and denied the special appearance. The City brought this interlocutory appeal.

## II.

It is well established that two conditions must be met for a Texas court to exercise jurisdiction over a nonresident defendant. First, the Texas long-arm statute must authorize the exercise of jurisdiction. Second, the exercise of jurisdiction must be consistent with the guarantees of due process. *Schlobohm v. Schapiro*, 784 S.W.2d 355, 356 (Tex.1990). The long-arm statute provides for the assertion of jurisdiction over any nonresident "doing business" in Texas, which encompasses committing a tort in the state. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 17.042(2) (Vernon 1997). Because of the breadth of this language, the requirements of the long-arm statute are considered satisfied if the exercise of personal jurisdiction comports with federal due process limitations. *See CSR Ltd. v. Link*, 925 S.W.2d 591, 594 (Tex. 1996). In practice, therefore, the two conditions have been conflated into one requirement of due process.

The cornerstone of due process in the context of jurisdiction is the minimum contacts analysis. The goal of this analysis is to protect a defendant from being unjustifiably called before the courts of a foreign state. *See Schlobohm*, 784 S.W.2d at 357. To establish minimum contacts with a state, the defendant "must do something purposeful to avail himself of the privilege of conducting activities in the forum, thus invoking the benefit and protection of its laws." *Id.* In this case, American Factors relies upon the single telephone call between it and the City to establish jurisdiction. American Factors argues its claims against the City arose

out of the telephone call and, therefore, this single "contact" gave rise to specific jurisdiction over the City. *See CSR*, 925 S.W.2d at 595 (specific jurisdiction may be established if the defendant's alleged liability arises from or is related to an activity conducted within the forum). Although limited contact with a forum may give rise to specific jurisdiction under certain circumstances, we conclude the City's contact with Texas in this case was not of such a nature or quality as to justify the assertion of jurisdiction over the City by a Texas court.

■■■ Due process requires that a defendant not be haled into a Texas court unless his activities should have led him to reasonably anticipate being answerable here. *See Schlobohm*, 784 S.W.2d at 359; *Laykin v. McFall*, 830 S.W.2d 266, 269 (Tex.App.-Amarillo 1992, no writ). This type of foreseeability can be shown only if the defendant purposefully directed his activities toward Texas. *Schlobohm*, 784 S.W.2d at 359; *Laykin*, 830 S.W.2d at 269. The activities of others cannot be used to connect the defendant to the forum. *Laykin*, 830 S.W.2d at 269.

■ Here, the City employee's telephone conversation with American Factors was conducted solely as a result of American Factors's relationship with ABC. The City did not affirmatively seek to involve itself in the factoring relationship between ABC and American Factors. Nor is there any evidence the City sought anything from its contact with American Factors other than information about ABC, the Michigan company with which the City was doing business. In short, there is no evidence the City purposefully directed any activities toward Texas.

American Factors relies on the case of *Memorial Hospital System v. Fisher Insurance Agency, Inc.*, 835 S.W.2d 645 (Tex.App.-Houston [14th Dist.] 1992, no writ), to support its contention that a single telephone call between a nonresident defendant and a resident plaintiff can give rise to jurisdiction if the misrepresentation that forms the basis of the plaintiff's claims occurs during the telephone call. In *Fisher*, a Texas hospital telephoned an out-of-state insurance agency to inquire about insurance coverage for one of its patients. The agency erroneously informed the hospital that the patient was covered, and the hospital brought suit. The court held the telephone call was sufficient to give rise to specific jurisdiction because the agency committed a tort with a foreseeable economic injury in Texas. *Id.* at 650–51. Although we agree that foreseeability of injury is an important factor to the establishment of jurisdiction, we decline to follow *Fisher* in this case because we believe the court's analysis ignores the equally important factor that the defendant's activities be purposefully directed at the forum. *See Mem'l Hosp. Sys. v. Blue Cross & Blue Shield of Ark.*, 830 F.Supp. 968, 972 (S.D.Tex.1993).

■ To allow jurisdiction over a defendant to be based on a single unsolicited and unanticipated contact initiated as a result of the actions of the plaintiff would be directly contrary to the traditional notions of fair play and substantial justice that are at the heart of due process. *See id.* at 974. Causing an injury in Texas cannot, in and of itself, establish the necessary minimum contacts for jurisdiction. *See Laykin*, 830 S.W.2d at 271. In this case, there is no evidence the City has done anything to avail itself of the benefits of conducting business in Texas or the protection of this state's laws. The City's alleged "business" consisted of nothing more than responding to an inquiry posed by a Texas citizen. Based on the facts here, this is not enough to constitute minimum contacts sufficient to confer jurisdic-

tion in the trial court. *See id.* Accordingly, we reverse the trial court's order denying the City's special appearance and dismiss all claims filed against the City without prejudice to their being filed in a court of competent jurisdiction.