### Charles M. Stevens v. W. F. Stone.

No. 986. Decided February 28, 1901.

**1. Judgment—Action On.**

Where no advantage can accrue to plaintiff in a judgment by a second suit upon it, none, it seems, should be allowed; but such advantage appears and the suit is maintainable where, though the original judgment is not dormant, it appears that a new judgment thereon would be available in a jurisdiction beyond the State, where defendant had property which, owing to the limitation laws of that jurisdiction, could not be reached under the first judgment. (Pp. 417-419.)

**2. Same—Case Criticised.**

Parks v. Young, 75 Texas, 278, criticised and limited. (P. 418.)

**3. Judgment—Limitation.**

Action on a judgment is not barred until the expiration of ten years from the issuing of the last execution thereon. (P. 419.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Cooke County.

Stevens brought suit against Stone, and appealed from a judgment for defendant, which being affirmed, he obtained writ of error.

*Davis & Garnett*, for plaintiff in error.—Whether a creditor has the common law right to sue upon a judgment upon the sole ground that it is unpaid, as has been so often decided in England and in the great majority of States, or whether, as has been held in a very few States, he should show some necessity for a new judgment, as that it

would be more beneficial to him than the old, the demurrer should have been overruled, for a new judgment would establish that, notwithstanding the great lapse of time and the death of some of the defendants and the discharge of others in bankruptcy, the creditor is still entitled to payment in full from the present defendant, and the judgment would be given faith and credit in other States and Territories, where the plaintiff must look for payment. 2 Freem. on Judg., sec. 432, et. seq.; 11 Enc. of Pl. and Pr., p. 9108. Counsel cited and discussed also, in argument: Johnson v. Murphy, 17 Texas, 216; Parks v. Young, 75 Texas, 278; Masterson v. Cundiff, 58 Texas, 472; Anderson v. Boyd, 64 Texas, 108; Christmas v. Russell, 5 Wall., 290; Pitzer v. Russel, 4 Ore., 128; Bank v. Duel County, 74 Fed. Rep., 373.

*Cruce, Cruce & Cruce* and *Eldridge & Gardner*, for defendant in error.—If a cause of action ever accrued upon this judgment, not dormant, it accrued immediately after its rendition in 1885. If it accrued the day after its rendition, the statute of limitations began to run then. It seems to us there is no escape from the logic of this statement. Either a cause of action accrued or did not accrue. If it accrued, the statute of limitations began to run from that time, and it is therefore barred.

If a cause of action accrue upon a judgment not dormant, then the cause of action accrued at the rendition of the judgment herein on June 9, 1885, and is barred by the statute of limitation.

The plaintiff alleges that the bar to his judgment has become complete within the Indian Territory; and, according to its laws, this bar has become a vested right, has become the property of the defendant (using that term in its broadest sense), and under the decision just cited even Congress could not restore to plaintiff the right to maintain an action upon this Texas judgment in the Indian Territory.

It would be an anomaly to say that the Texas court can give to the plaintiff a right to sue in the courts of the Indian Territory, which the law-making body of that country itself can not give. It would be the bitterest form of irony that the courts of the Indian Territory should be compelled to enforce a Texas judgment that not only contravenes its public policy, but would be an indirect exercise of legislative power which its own law-making body does not possess. This of itself ought to be sufficient to cause this court to hesitate before it reverses this case.

The comity existing between the States ought not to, and will not, permit this court to perform an act, useless within its own jurisdiction, the avowed purpose of which is to evade the laws of a sister domestic jurisdiction. Lee v. Giles, 1 Bailey L. (S. C.), 449; 21 Am. Dec., 476; Shepherd v. Bridenstine, 80 Iowa, 225; Solen v. Railway, 15 Nev., 313; Harrison v. Trust Co., 144 N. Y., 326; Pitzer v. Russel, 4 Ore., 124; Davidson v. Simmons, 11 Bush (Ky.), 330; Glasscock v. Stringer, 32 S. W. Rep., 924; 2 Sayles' Texas Civ. Prac., 1214, sec. 1271. In

Texas an action will not lie on a judgment not dormant: Parks v. Young, 75 Texas, 278; Johnson v. Murphy, 17 Texas, 216.

GAINES, CHIEF JUSTICE.—The plaintiff in error brought this suit against defendant in error to recover upon a judgment. A demurrer was sustained to the petition, and the plaintiff having declined to amend, judgment final was rendered against him, which judgment was affirmed upon appeal.

It appears from the allegations of the petition that on the 9th day of June, 1885, the plaintiff recovered in the District Court of Cooke County a judgment against the defendant and four others for the sum of $9526 and costs of suit; that the judgment is unpaid and that executions have been issued thereon so as to prevent its becoming dormant. It also appears that two of the defendants in the judgment are dead and that two others are nonresidents of the State and are insolvent. It is also alleged that the present defendant, W. F. Stone, has not sufficient property in Texas to satisfy the judgment, but that he is a man of large means and has ample property in the Indian Territory out of which the debt can be satisfied, and in effect that, by reason of the long lapse of time since the judgment was rendered and the laws of limitation in that Territory, it is not there available as a cause of action.

Where no advantage can accrue to a plaintiff in a judgment by a second suit upon it, we fail to see that there is any propriety in allowing such suit. It is a narrow view of the subject, as we think, to say that the judgment is an evidence of debt and that a debt will support a cause of action. The purpose of judicial actions is to afford remedies for the enforcement of rights, and where the result of a suit prosecuted to success is to give the plaintiff no better remedy for the enforcement of his right than he had before, no reason other than a technical one can exist for permitting its prosecution. Since equity discourages a multiplicity of suits and will in a proper case enjoin vexatious litigation, and since under our blended system equitable principles in every case have their full scope and effect, it would seem that our court should never allow a suit upon a judgment unless it should be made to appear that the second judgment would be more efficacious than the first. Yet it is broadly held by the great weight of authority that a judgment will support an action without allegation and proof of any additional advantage to be secured by the second recovery. The cases are too numerous for special citation but will be found exhaustively collated in 11 Encyclopedia of Pleading and Practice, pages 1085, et seq. See also for elaborate discussion of the question and the authorities. Pitzer v. Russel, 4 Ore., 128, and Solen v. Railway, 15 Nev., 313. It may be that the American courts which hold that there is an absolute right to sue upon a judgment proceed upon a misapprehension of the ruling of the English courts. It seems that at common law interest upon a judgment was not

recoverable by an execution upon it, and that therefore a second action upon it was necessary in order to secure the interest. Also in some cases a second judgment gave the judgment creditor the right to a capias for the satisfaction of his debt when he did not have that right under his first judgment. Therefore we are inclined to hold with the intimation of this court in former cases (Johnson v. Murphy, 17 Texas, 216; Parks v. Young, 75 Texas, 278), that a judgment creditor can not maintain an action upon his judgment without showing some advantage to be gained thereby. But however that may be, we are clearly of opinion that where it is made to appear that a second judgment may be in any respect more available than the first, the action should be allowed. This was in effect decided by this court in the cases of Masterson v. Cundiff, 58 Texas, 472, and Anderson v. Boyd, 64 Texas, 108. In each of those cases, the action was permitted in order that the plaintiff might, by a new judgment, fix a lien upon the lands of the defendant,—the lien of the first judgment having been lost.

Applying the principle of the cases last cited to the case before us, we think the petition shows a sufficient reason for bringing suit upon the judgment. If an action on the judgment be barred by the laws of the Indian Territory and if the defendant has property there subject to execution, then the second judgment is clearly more available than the first, and the action is not futile.

In this connection we will say that the proposition announced in Parks v. Young, 75 Texas, 278, that there was "no authority for bringing a second action upon a judgment that is not dormant" is clearly erroneous. The mistake is that of the writer of the present opinion and is to be regretted, since it probably led the lower courts into holding that the petition in this case was bad upon general demurrer. The proposition was hardly necessary in the decision of that case. The plaintiff there had sued out an attachment upon an open account and had seized personal property for the satisfaction of his debt. The property had been sold and the proceeds of the sale deposited with the clerk of the court. By an amended petition, he then alleged that since suing out his attachment he had recovered a judgment for another debt in a justice court and sought to have any surplus that might remain after satisfying his original cause of action applied to the payment of that judgment. It is quite clear that this surplus could not properly be applied to the payment of any debt, whether evidenced by judgment or not, except that upon which the attachment was sued out. It does not appear from the report of the case whether the appellant assigned error upon the refusal of the court to render a simple judgment upon the judgment set up in the amended petition or not. If so, the case would be authority for the proposition that in this State, in order to maintain an action upon a judgment, the plaintiff must show that some advantage will accrue to him by the rendition of a new judgment.

The defendant also pleaded by way of special exception to the

petition the statute of limitations of four and ten years. The statute of ten years applies to actions upon judgments, and such actions are not barred until the lapse of that period of time from the issuing of the last execution. Rev. Stats., art. 3361; Willis v. Stroud, 67 Texas, 516. It is alleged in the petition that executions issued on the judgment November 19, 1885, April 19, 1886, June 30, 1886, and on June 25, 1896. Hence it is clear that under the decisions of this court the suit was not barred.

We are of opinion that the trial court and the Court of Civil Appeals erred in sustaining the demurrers to the petition and therefore their judgments are reversed and the cause remanded.

*Reversed and remanded.*