### CONTINENTAL STATE BANK OF PETROLIA v. WAGGONER et al.

No. 12608.

Court of Civil Appeals of Texas. Fort Worth.
Feb. 6, 1932.

Rehearing Denied March 12, 1932.

Bonner, Bonner & Childress, of Wichita Falls, for appellant.

Buillington, Humphrey & King, Weeks, Morrow, Francis & Hankerson, Mathis & Caldwell, and Arch Dawson, all of Wichita Falls, for appellees.

CONNER, C. J.

This suit was instituted by the appellant corporation on the 8th day of November, 1930. Its first amended petition, upon which the trial proceeded, was filed December 31, 1930. Therein complaint is made of R. M. Waggoner, N. B. Chenault, W. T. Waggoner, W. M. Priddy, W. W. Silk, W. T. Willis, P. P. Langford, and Mrs. Olga Bashara. Mrs. Olga Bashara need not be further noticed in that she was discharged, and no complaint is made of this action.

The petition alleged that during the years of 1923 to 1928, inclusive, the defendants were general partners and carried on a partnership business in Northwest Texas, buying and selling oil and gas leases, refineries, pipe lines, casinghead gas plants, tank cars, producing oil and running said refineries and pipe lines, marketing oil and gas for profit; that said business was carried on under the name of American Refining Company, and to finance the company it was necessary that it borrow, and it did borrow, considerable sums of money. That to that end the defendants, on or about June 27, 1929, obtained from the plaintiff the sum of $27,000 in cash, and gave to the plaintiff therefor three notes of that date, each for the sum of $9,000, bearing interest at the rate of 8 per cent. per annum, with the usual attorney's fee clause. That one of said notes was signed by defendant R. M. Waggoner, one was signed by N. B. Chenault, and one by W. T. Waggoner; that the note of N. B. Chenault was further secured by written guaranties executed by all of the other defendants, binding themselves to pay any indebtedness which said Chenault might then or thereafter owe to the plaintiff bank, whether arising by notes, discounts, overdrafts, or otherwise, the guaranties not to exceed the principal sum of $9,000, plus interest, cost of collection, etc. That the said notes of R. M. and W. T. Waggoner were

likewise severally so guaranteed. It was further alleged that there had been credited on each of said notes the sum of $7,863.73, this being the total sum of two payments made on December 20, 1928, and December 29, 1928; that there remains an unpaid balance of principal and interest aggregating $3,751.50, for which plaintiff prayed judgment.

The defendants answered by general demurrers and general denials, and specially pleaded the proceedings in cause No. 228 on the equity docket of the United States District Court for the Northern District of Texas, entitled Universal Oil Products Co. v. American Refining Co., Inc. It was alleged that the Universal Oil Products Company was plaintiff and the American Refining Company and the makers of the notes and guaranties herein declared upon were made defendants in said equity proceeding; that, in said suit in the United States District Court, the plaintiff in this cause, the Continental State Bank of Petrolia, intervened and sought recovery against the defendants upon the identical obligations above referred to. There were also several special pleas of personal discharge on the part of several of the defendants which we think unnecessary to specially describe.

The trial was before the court without a jury, and after the introduction of the evidence and argument of counsel, and after a certain written statement of the trial judge, to which we shall later refer more particularly, plaintiff sought to take a nonsuit. This, however, was denied, to which action plaintiff excepted and the court entered judgment that plaintiff, Continental State Bank of Petrolia, take nothing in the present suit, to which plaintiff bank excepted and prosecutes this appeal. We have before us the trial court's findings of fact and conclusions of law.

There is but little dispute as to the facts in this case. The notes and guaranties declared upon by appellant were all executed substantially as appellant alleged, and those obligations were subject to the credits stated. There is also no dispute that the defendants were doing business as partners in the name of the American Refining Company, in aid of which the stated sums of money were borrowed, and for which the notes and guaranties were given. It is also undisputed that the Universal Oil Products Company sued the American Refining Company, R. M. Waggoner, and the other defendants named in the present suit in cause No. 228 in equity in the United States District Court for the Northern District of Texas, on August 22, 1927; that receivers were appointed to take charge of the assets of the American Refining Company, Inc., and of R. M. Waggoner, W. W. Silk, W. T. Willis, N. B. Chenault, W. M. Priddy, P. P. Langford, and other defendants in the present suit; that in the order appointing the receiver all creditors of the American Refining Company were directed to intervene, and on or about the 24th day of January, 1928, appellant, Continental State Bank of Petrolia, filed its petitions of intervention in said equity suit on the notes and guaranties now sued on; that said petitions of intervention were presented to a special master who made findings of fact and conclusions of law in favor of intervener, Continental State Bank of Petrolia, which were by that court on the 21st day of June, 1928, approved, as recommended by the special master, and his recommendations were made the judgment of the court, the judgment directing that all writs might issue for the proper enforcement and observance of the recommendations as if entered by said court. Other facts will be stated as thought to be necessary in the further course of this opinion.

As we view the record, the principal contention presented by appellant's assignments and propositions of error is that the proceedings in the United States District Court for the Northern District of Texas, hereinafter referred to as the federal court, constitutes no defense to appellant's action. The order of the federal court appointing the receivers conferred upon such receivers, in addition to the usual and customary powers of a receiver in courts of equity, the power to "take possession of all the properties and assets of every kind of each and all named defendants," which included the American Refining Company and the individuals named as defendants in the present suit. This was presumably done. As stated, appellant herein, acting through its president and upon duly verified petition, formally intervened and presented for adjudication, as against the American Refining Company and the individual defendants above named, the identical three notes of $9,000 each, together with said guaranties. These claims were presented to the special master who recommended "that judgment be entered in favor of the Continental State Bank of Petrolia, Texas, and against the American Refining Company, a corporation, and N. B. Chenault, R. M. Waggoner, W. W. Silk, W. T. Willis, W. M. Priddy, P. P. Langford." Thereafter, on June 21, 1928, the report of the master came on for hearing, and the court, "after duly considering said report, in all things confirmed the same in respect to the several claims and interventions filed herein," and it was "ordered, adjudged and decreed that said report and recommendations of the Special Master on the pleas of interventions and claims filed herein be and the same are established as the judgment of this court in the same manner as if originally heard by this court, and all writs are directed to issue for the proper enforcements and observances of said recommendations in like manner as if originally entered in this court." This order was duly signed by the federal judge.

▇ Neither the report of the master nor the judgment of the court abates any amount from the claims of the intervener, appellant here, as based upon the notes and guaranties mentioned, and we can but think the reports of the master recommending the payment of those claims, followed as they were by the court's entry approving the same and ordering the issuance of process, constitute in all material particulars a judgment of the court having jurisdiction. See Schaberg v. McDonald, 60 Neb. 493, 83 N. W. 737; Funk v. Seehorn, 99 Mo. App. 587, 74 S. W. 445.

▇▇ We do not think the judgment of the court is deprived of finality, as appellant contends, because of the fact that in the court's order discharging the receivers jurisdiction was retained for such "deficiency" orders as the court might find necessary to enter, such procedure, as we understand, being permissible under equity rules as administered by the federal court; nor do we think we must hold that the judgment approving appellant's claim is dormant, under the terms of our statutes relating to that subject, as insisted. If the recitations of the judgment ordering process do not of themselves constitute an execution, the record discloses without dispute that the receivers in due time, pursuant to the terms of the judgment, disposed of the properties in their possession and distributed the proceeds thereof among the creditors, including appellant, which received therefrom the several sums credited upon the notes and guaranties declared upon. In addition to this the trial court specifically finds that "the orders and judgments of the United States District Court in said suit No. 228 have not been appealed from and are still valid and subsisting." And such findings have not been attacked by any proposition urging that such findings are unsupported by the evidence.

It is insisted, however, in substance, that, even if it should be held that the judgment of the federal court was unobjectionable in the particulars insisted upon, nevertheless, appellant was entitled to sue and recover thereon in the state court as a judgment obligation. The authorities do not seem to be uniform on the subject, but it was decided by our Supreme Court in the case of Parks v. Young, 75 Tex. 278, 12 S. W. 986, that, quoting from the headnotes: "A second action can not be maintained upon a judgment which is not dormant."

And this decision seems to have been reaffirmed in the cases of Stevens v. Stone (Tex. Civ. App.) 59 S. W. 1123; Stevens v. Stone, 94 Tex. 418, 60 S. W. 959, 86 Am. St. Rep. 861; Glasscock v. Stringer (Tex. Civ. App.) 32 S. W. 924. The only exception to this rule that we find in our cases is noted in Stevens v. Stone, 94 Tex. 418, 60 S. W. 959, 86 Am. St. Rep. 861. In that case suit was instituted

upon an unpaid judgment not dormant, and it was upheld for the reason that the only insolvent defendant resided in Oklahoma, under the laws of which the judgment declared upon would be barred, and hence not available in Oklahoma. The court, however, approved the general rule stated in Parks v. Young, supra, with the limitation that it would be otherwise where it is made to appear that a second judgment may be in any respect more available than the first.

In this connection we also call attention to the fact already appearing that appellant voluntarily made itself a party to the receivership proceedings, setting up the identical obligations upon which it seeks to maintain the present suit. In the case of United States v. Leffler, 11 Pet. 86, 9 L. Ed. 642, it is said by the Supreme Court of the United States that: "If there be any one principle of law settled beyond all question, it is this, that whensoever a cause of action in the language of the law, transit in rem judicatam, and the judgment thereupon remains in full force unreversed, the original cause of action is merged and gone forever."

The same court reaffirmed this principle in the case of Gaines v. Miller, 111 U. S. 395, 4 S. Ct. 426, 28 L. Ed. 466, where it is said, quoting from the headnotes: "A judgment merges the demand on which it is rendered, and a second suit by the same party cannot be brought upon it."

▇ We accordingly conclude that the court did not err in overruling appellant's general demurrer to defendants' answers, or in rendering judgment that appellant take nothing "in its suit herein" against the defendants.

Appellant also presents several assignments of error complaining of the trial court's findings that certain of the defendants had been released from all personal liability on the obligations declared upon. These complaints are based upon the fact that the court, after having found the facts as hereinbefore indicated relating to the judgment in the federal court, and after having concluded that "the U. S. Court rendering that judgment is the proper tribunal to decide whether or not said judgment of this plaintiff has been satisfied," appended to his findings of fact and conclusions of law the following: "However, as counsel desired that I make findings and conclusions on the other issues in this case, I make these additional conclusions." Then follow conclusions to the effect that W. M. Priddy, W. T. Willis, and P. P. Langford had been released, but no judgment of the court founded upon the facts so found was rendered.

In Froman v. Patterson, 10 Mont. 107, 24 P. 692, it is said that a judgment is the conclusion of law drawn from the facts found in the judicial investigation. And in Rankin v. Newman, 107 Cal. 602, 40 P. 1024, 41 P.

304, it is held that a judgment should be the simple sentence of the law upon the material ultimate facts admitted by the pleadings or found by the court. Moreover, the decree of the federal court releases several of the defendants, and, if that decree is erroneous, correction thereof would seem to be by the federal courts.

In the absence, therefore, of a judgment of the trial court entered upon the special findings found by him and with a decree of the federal court before us relating to the subject, we are without power to adjudicate the issues relating to the several alleged releases pleaded by some of the defendants, our appellate jurisdiction being limited to final judgments of our trial courts.

Appellant's final contention is presented in its eleventh proposition, which reads as follows: "In the alternative, plaintiff shows that the court erred in failing and refusing to enter an order and judgment showing that plaintiff had taken a non-suit without prejudice herein, since the plaintiff, through attorneys, in open court announced such nonsuit and requested such order prior to the time any decision or judgment was rendered by the court herein, all as shown by plaintiff's bill of exception 1."

Article 2182, Rev. Civ. Statutes, provides that, when a case is tried by the judge, the plaintiff may take a nonsuit "at any time before the decision is announced." The bill of exception relating to this matter shows that, after the court had heard the evidence, the case was taken under advisement on January 2, 1931, the judge stating to counsel that "they would be advised—probably by letter—of the result of his deliberation and action," and that thereafter on the 17th day of January he wrote a letter to said attorneys which was received by all of them on Monday January 19th, which stated that "I have concluded that the plaintiff is not entitled to recover in this case." Following the statement quoted, the letter gave the court's reasons for his conclusion. In Allen v. Voje, 114 Wis. 1, 89 N. W. 924, it is held that a judgment may be formulated in writing by a judge or declared by him orally, and we think the quoted statement by the court such an announcement as precluded plaintiff from a mandatory right to exercise the privilege of a nonsuit, under the terms of our statutes. Appellees also suggest that the court's action in overruling appellant's application to take a nonsuit was waived, even if erroneous, in that the proposition is presented in the alternative only and after this court has been called upon to examine the record critically and to render judgment upon the other questions presented in the suit. We think there is much force in this contention. Moreover, as it seems to

us, the legal effect of the trial court's judgment substantially affords appellant the privilege sought by its application for a nonsuit. We think it clear from the court's judgment that it was the purpose merely to deny appellant the recovery it sought in the suit then before the court, for the judgment, after reciting that "plaintiff, Continental State Bank of Petrolia, take nothing by its suit herein against the defendants," naming them, concludes with: "It is not intended by this adjudication, however, to in any way prejudice the rights of either the plaintiff or the defendants, or any of them, which they may have or be entitled to under any orders, judgments, decrees or other proceedings had, or to be had in a certain cause in the United States District Court of the Northern District of Texas, Wichita Falls, Division No. 228 on the Equity Docket of said court and styled Universal Oil Products Co. v. American Refining Company, Inc., et al."

Without further discussion we conclude that all assignments and propositions of error should be overruled, and that the court's findings of fact and conclusions of law (except those found upon request only and which relate to the alleged releases pleaded by some of the defendants) should be adopted, and the judgment affirmed.