### ELLIOTT et al. v. SAN BENITO BANK & TRUST CO.

### No. 2180.

Court of Civil Appeals of Texas. Waco.

Nov. 23, 1939.

832

E. T. Yates, of Brownsville, for plaintiffs in error.

Spears & Montgomery and C. C. Bowie, all of San Benito, and W. H. Betts, of Hempstead, for defendant in error.

ALEXANDER, Justice.

On March 3, 1928, the San Benito Bank & Trust Company recovered judgment by default in the district court of Cameron county against F. M. Elliott for debt with foreclosure of lien on land. On April 4, 1928, the plaintiff filed a motion to correct the description of the land described in the judgment. At that time the defendant signed a waiver of notice on said motion in the following language: "I hereby waive notice of the foregoing motion and agree that judgment may be corrected in accordance with the prayer of said motion." On the same day the trial court entered a cor-

rected judgment for the debt with foreclosure of the lien on the land in question. No appeal was prosecuted from said judgment at that time. In September 1937, nine years later, the bank filed a motion in the same court to correct the sheriff's return on the original citation that had been served on the defendant, it being alleged that the citation had been issued on December 20, 1927, and served on January 16, 1928, but returned as having been served on January 16, 1927. Elliott had died in the meantime and his heirs were given notice on the motion to correct the sheriff's return. After hearing the evidence, the trial court granted the motion and ordered the sheriff's return corrected as prayed. Subsequent to the entry of said order, the defendants, Elliott's heirs, sued out a writ of error and are now seeking to have the entire judgment set aside on account of certain alleged defects in the form of the original citation that was served on Elliott on January 16, 1928.

The defendant, by filing the waiver of notice on the motion to correct the judgment in April, 1928, thereby submitted himself to the jurisdiction of the court and waived all defects in the citation previously served on him. Revised Statutes, art. 2047; 4 Tex.Jur. 642; 33 Tex.Jur. 799. Consequently, if we had jurisdiction of the appeal from the judgment as amended in 1928, we would be compelled to affirm the judgment regardless of any defects in the original citation.

However, we have determined that we are without jurisdiction to entertain this appeal. The amended judgment entered in April 1928 disposed of all of the issues in the case and on its face appears to be a final judgment. The time for suing out a writ of error from that judgment began to run from the rendition of the amended judgment, 3 Tex.Jur. 278; San Antonio & A. P. R. Co. v. Thigpen, Tex.Civ.App., 57 S.W. 66; Hall v. Read, 28 Tex.Civ.App. 18, 66 S.W. 809, and expired six months thereafter. Revised Statutes, art. 2255. Certainly the time to sue out a writ of error or to appeal from that judgment had expired nine years later, when it was attempted to sue out this writ of error. The order directing the amendment of the sheriff's return on the original citation did not purport to change or amend or otherwise alter the judgment previously entered. The defendants, in their answer to the motion to amend the sheriff's return, did not

seek to have the prior judgment reviewed in any respect, but merely sought to defeat the motion to amend the return. The order authorizing the amendment of the sheriff's return was not in itself such a final judgment as would authorize an appeal therefrom. 3 C.J. 479; 4 C.J.S., Appeal and Error, § 116, page 216; 3 Tex.Jur. 125–142.

We are therefore without jurisdiction to entertain this appeal at this time. The appeal is dismissed at plaintiffs in error's cost.