### ELLIOTT et al. v. SAN BENITO BANK & TRUST CO.

#### No. 10671.

Court of Civil Appeals of Texas. San Antonio.

Feb. 28, 1940.

P. F. Dominy, of San Benito, for plaintiffs in error.

Charles C. Bowie, of San Benito, and W. H. Betts, of Hempstead, for defendant in error.

NORVELL, Justice.

This is a suit brought by defendant in error, the San Benito Bank and Trust Company, against the heirs at law of F. M. Elliott, deceased, to subject property formerly owned by the deceased to the payment of a certain judgment held by the bank.

It appears that the original judgment against F. M. Elliott was rendered on March 3, 1928, and corrected on April 4, 1928. On April 6, 1928, an order of sale and execution was issued. On April 5, 1938, the bank brought this action. Trial was to the court, and in its judgment the trial court found that the bank had a valid judgment against F. M. Elliott, who

died on July 16, 1935; that defendant Mrs. Ozoriah Schwartz Elliott was the surviving widow, and that defendants Jack Elliott and Mrs. Iva Entringer were the children, and only surviving heirs at law of F. M. Elliott, deceased.

The judgment decreed that the former judgment against F. M. Elliott be "revived" as against defendants insofar as they have any claim in and to the N.E. ¼ of Section 45, Block 1, H. & T. C. Ry. Survey, Waller County, Texas, and that order of sale issue.

■ Jack Elliott brings the case here. The petition for writ of error was apparently made on behalf of all defendants below, but Jack Elliott alone executed a cost bond, consequently error proceedings on behalf of others than Jack Elliott will be dismissed for want of jurisdiction. Article 2265, Vernon's Tex.Civ.Statutes; Lyle v. McDowell, Tex.Civ.App., 116 S.W. 2d 1109.

■ Many of the contentions of plaintiff in error, Jack Elliott, relating to the validity of the original judgment, are fully answered in Elliott v. San Benito Bank & Trust Company, Tex.Civ.App., 133 S. W.2d 831. We hold that the filing of the waiver by F. M. Elliott precludes an attack upon the corrected judgment for the reasons stated by Judge Alexander in the opinion above mentioned. Further discussion of this feature of the case is unnecessary here.

The remaining assignments of plaintiff in error, in effect, present two related contentions, (1) that the bank's action will not lie as the judgment upon which the present suit is based was not dormant at the time the present suit was filed, and (2) the suit is barred by the statute of limitations.

■ The general rule is that suit on a judgment by scire facias proceedings or an action of debt will not lie except in cases where the judgment sued upon has become dormant because of a failure to have execution issued. However, an action similar to revival may be brought upon a judgment which is not dormant when it would give the holder of the judgment some additional advantage to which he is legally entitled under the circumstances of the case. Stevens v. Stone, 94 Tex. 415, 60 S.W. 959, 86 Am.St.Rep. 861; White v. Stewart, Tex.Civ.App., 19 S.W.2d 795;

Mayhew Lumber Co. v. Nash, Tex.Civ. App., 268 S.W. 1050; 26 Tex.Jur. 467.

■ Clearly, the judgment of the trial court was more advantageous to the bank in that it established the bank's right to an execution against a particular piece of property, as against the heirs at law of the original judgment debtor. The judgment further established the fact as between the parties that there was no pending administration upon the estate of F. M. Elliott, deceased, and that no administration was necessary. The bank's action therefore lies.

■ As to the question of limitations, it is well settled that actions such as the one involved here are not barred until the lapse of ten years from the issuing of the last execution. The bank's action here was filed within the ten-year period. Stevens v. Stone, supra.

No reversible error being shown, the judgment of the trial court as to Jack Elliott is affirmed. The writ of error as to the remaining defendants below, Mrs. Ozoriah Schwartz Elliott, Mrs. Iva Entringer, P. R. Entringer, S. C. Ferrell and L. H. Beal, is, upon motion of defendant in error, dismissed for want of jurisdiction.