

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

---

### NO. 2-06-459-CV

---

THE CADLE COMPANY                                                   APPELLANT

V.

ZAID FAHOUM                                                          APPELLEE

------------

FROM THE 236TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

The Cadle Company, Appellant, appeals the trial court's order dismissing its petition to renew a judgment. In three issues, Appellant argues that the trial court erred by (1) finding that Appellee Zaid Fahoum negated all alleged grounds of personal jurisdiction; (2) finding that the statute of limitations had expired; and (3) not allowing Appellant to amend and replead its claims. Because we

---

[1] *See* TEX. R. APP. P. 47.4.

hold that Appellee sufficiently negated all grounds for personal jurisdiction asserted by Appellant, we affirm.

## FACTS AND PROCEDURAL HISTORY

MBank Fort Worth obtained a default judgment against Appellee in 1985, in a liquidated claim based on a note. Appellant filed a petition to renew the judgment on March 30, 2006. Appellee filed a motion to dismiss subject to a special appearance, in which he stated that he is not a resident of Texas, that he does not have minimum contacts with Texas, and that the exercise of jurisdiction would offend traditional notions of fair play and substantial justice. The motion further alleged that because the judgment is over twenty years old and Appellant never requested a writ of execution, the State of Texas has little or no interest in adjudicating the suit, and the judgment is dormant and incapable of being revived. Appellee further averred that he was not a resident of Texas when the cause of action accrued or the judgment was obtained, that he was a resident of Michigan at the time of the 1985 suit and judgment, that he is now a resident of California, and that he had never been served with a writ of execution by MBank, its successors, or Appellant. In Appellee's affidavit, attached to the motion, he did acknowledge that a default judgment was rendered against him in 1985 and that Appellant purchased the judgment in 1992.

2

Appellant subsequently filed its second amended petition to renew the judgment. In its pleadings, Appellant alleged that

> while domiciled in the State of Texas, [Appellee] entered into the debt obligation with Mbank Fort Worth upon which judgment was ultimately rendered. Thereafter, [Appellee] moved to the State of Texas and became a resident. In 1990, [Appellee] moved from the State of Texas and has been absent from the State since that time.

Appellant alleged in its petition that by operation of former article 5532 of the Texas Revised Civil Statutes,[2] the judgment had a life of ten years, but that article 5532 is tolled by section 16.063 of the Texas Civil Practice and Remedies Code while Appellee is absent from the state. Appellant further asserted that former article 5532 is now section 34.001 of the Texas Practice and Remedies Code.

Although Appellant states in its reply brief that it "expressly alleged" in its petition that Appellee was a resident of Texas when the cause of action accrued and that he exited the state after the rendition of the judgment, the evidence shows that Appellee was served in the 1985 suit as a nonresident. Thus, Appellee was not a Texas resident at the time of the 1985 judgment.

---

[2] Act approved Feb. 5, 1841, 5th Cong., R.S., § 2, 1841 Tex. Gen. Laws 163, 164, *reprinted in* 2 H.P.N. Gammel, THE LAWS OF TEXAS 1822-1897, at 627, 628 (Austin, Gammel Book Co. 1898), originally codified as TEX. REV. CIV. STAT. ANN. art. 5532, *repealed by* Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 9(1), 1985 Tex. Gen. Laws 3242, 3322 (revised and codified at TEX. CIV. PRAC. & REM. CODE ANN. § 31.006 (Vernon 1997)).

From reading the petition, as best we can tell, Appellant contends that Appellee lived in Texas (so as to establish domicile here), then moved out, and then moved back again ("thereafter" moving to Texas and becoming a resident), and then moved again in 1990. The record shows that at least as of 1985, Appellee was not a resident, and Appellant's petition does not make any specific, clear allegation as to what periods of time Appellee was actually in Texas, whether he was physically present in Texas when he entered into the note with MBank, and whether he was in Texas when he defaulted on the note.

The trial court granted Appellee's motion to dismiss on the grounds that the statute of limitations had expired and that the court did not have jurisdiction over Appellee. Appellant timely filed this appeal.

## STANDARD OF REVIEW

The issue of whether a trial court has personal jurisdiction over a defendant is a question of law, although "the trial court frequently must resolve questions of fact before deciding the jurisdiction question."[3] If the trial court does not issue findings of fact and conclusions of law with its special appearance ruling, "all facts necessary to support the judgment and supported

---

[3] *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002).

4

by the evidence are implied."[4]  These implied findings are not conclusive when the appellate record includes the reporter's and clerk's records, and they may be challenged for legal and factual sufficiency;[5] there is no reporter's record in this case.

## ANALYSIS

Texas courts may exercise personal jurisdiction over nonresident defendants in accordance with the Texas long-arm statute.[6]  The long-arm statute extends Texas courts' personal jurisdiction "as far as the federal constitutional requirements of due process will permit."[7]  Personal jurisdiction meets constitutional due process requirements when two conditions are met: "(1) the defendant has established minimum contacts with the forum state, and (2) the exercise of jurisdiction comports with traditional notions of fair play and substantial justice."[8]  Once it has been determined that the defendant has established minimum contacts with the state, only rarely will the exercise of

---

[4] *Id.* at 794.

[5] *Id.* at 795.

[6] TEX. CIV. PRAC. & REM. CODE ANN. §§ 17.041-.045 (Vernon 1997 & Supp. 2007); *BMC Software*, 83 S.W.3d at 795.

[7] *BMC Software*, 83 S.W.3d at 795.

[8] *Id.* (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154 (1945)).

jurisdiction not comport with traditional notions of fair play and substantial justice.[9]  Courts consider the following factors, as appropriate:

> (1) the burden on the defendant; (2) the interests of the forum state in adjudicating the dispute . . . ; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies.[10]

A Texas judgment becomes dormant if a writ of execution is not issued within ten years after the rendition of the judgment.[11]  A judgment may be revived by scire facias or an action of debt brought within two years of the judgment becoming dormant.[12]  A judgment creditor may renew a judgment and keep it alive indefinitely by having a writ of execution issued within ten years of the previous writ.[13]

---

[9] *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 231 (Tex. 1991).

[10] *Id.*

[11] TEX. CIV. PRAC. & REM. CODE ANN. § 34.001(a) (Vernon 1997); *see also Cox v. Nelson*, 223 S.W.2d 84, 86 (Tex. Civ. App.—Texarkana 1949, writ ref'd) (applying prior version of the statute and holding that a judgment becomes dormant if no writ of execution is issued within ten years).

[12] TEX. CIV. PRAC. & REM. CODE ANN. § 31.006 (Vernon 1997).

[13] TEX. CIV. PRAC. & REM. CODE ANN. § 34.001(b).

Section 16.063 of the Texas Practice and Remedies Code (the "tolling statute") provides that "[t]he absence from this state of a person against whom a cause of action may be maintained suspends the running of the applicable statute of limitations for the period of the person's absence."[14] This section generally does not apply to nonresidents, but it has been held to apply to a nonresident defendant who was in Texas when the cause of action accrued or when the defendant entered into a debt obligation and the cause of action is based on the defendant's default on the debt.[15]

Before considering the merits of Appellant's issues on appeal, we note that although Appellant contended in its petition that section 34.001 was formerly article 5532, in fact section 34.001 was formerly article 3773.[16] Both section 34.001 and article 3773 provide that a judgment becomes dormant if

---

[14] TEX. CIV. PRAC. & REM. CODE ANN. § 16.063 (Vernon 1997).

[15] *See Howard v. Fiesta Tex. Show Park, Inc.*, 980 S.W.2d 716, 722-23 (Tex. App.—San Antonio 1998, pet. denied) (noting that "'[a]s a general rule, the . . . tolling provision does not apply to nonresidents,'" but that "the tolling provision applies to a nonresident who was present in the state when the obligation (debt) arose.").

[16] Act of May 17, 1985, 69th Leg., ch. 959, § 1, 1985 Tex. Gen. Laws 3242, 3272 (replacing repealed article 3773 with new section 34.001); Act of May 17, 1985, 69th Leg., ch. 959, § 1, 1985 Tex. Gen. Laws 3242, 3270 (replacing repealed article 5532 with new section 31.006); *see also Hicks v. First Nat'l Bank in Dalhart*, 778 S.W.2d 98, 100 (Tex. App.—Amarillo 1989, writ denied) (noting the revision and codification of former articles 5532 and 3773).

no writ of execution is issued within ten years.[17] Former article 5532 allowed a ten year period for bringing an action to revive a dormant judgment; that statute, recodified as section 31.006, now allows only two years for bringing a revival action.[18] We are unable to determine from either Appellant's petition or its arguments on appeal whether it alleged below that *the judgment never became dormant* because section 34.001 was tolled, or whether it claimed that *the judgment had become dormant* but that, because section 31.006 was tolled, the time period for reviving the judgment has not passed. Appellant's arguments apply equally to either contention and are unsuccessful here in either case.

In its first issue, Appellant argues that Appellee's entire special appearance rested on the issue of whether or not the statute of limitations had run. Appellant further argues that the trial court erred by finding that Appellee negated all alleged grounds of personal jurisdiction. Appellant contends that the following statement in its petition sufficiently alleged a ground for personal jurisdiction that Appellee failed to negate: "Jurisdiction and venue are proper in

---

[17] TEX. CIV. PRAC. & REM. CODE ANN. § 34.001; *see also Hicks*, 778 S.W.2d at 100.

[18] TEX. CIV. PRAC. & REM. CODE ANN. § 31.006.

the 236th Judicial District Court in Tarrant County, Texas, because it is the county and court in which the original judgment was rendered."

Even if Appellant's statement did sufficiently allege a ground for personal jurisdiction, Appellant's contention that Appellee's special appearance rested solely on the expiration of the statute of limitations is incorrect. Appellee's assertion that jurisdiction would offend traditional notions of fair play and substantial justice was broad enough to attack all grounds asserted by Appellant. To the extent that the trial court may have determined that Appellee had sufficient minimum contacts with the State of Texas to satisfy the Texas long-arm statute, the trial court could have also determined that the exercise of jurisdiction would offend traditional notions of fair play and substantial justice.

Appellee asserted that the exercise of jurisdiction would be unfair considering the burden on him in being hauled into court from California. Although he did not demonstrate why exercising personal jurisdiction would be an undue burden in this case,[19] Appellant does not challenge this assertion on appeal.

---

[19] *N. Coast Commercial Roofing Sys., Inc. v. RMAX, Inc.*, 130 S.W.3d 491, 496 (Tex. App.—Dallas 2004, no pet.) (requiring the nonresident defendant to show that it would suffer an undue burden if it had to defend the suit in Texas); *Temperature Sys., Inc. v. Bill Pepper, Inc.*, 854 S.W.2d 669, 676 (Tex. App.—Dallas 1993, writ dism'd by agr.) (same).

9

As for Texas's interest in adjudicating the suit, the record supports Appellee's argument that Texas's interest, if any, is insignificant, and the trial court could have so concluded. Appellant sought to renew a judgment that is twenty years old and on which no writ of execution has ever been issued, neither the judgment debtor nor the judgment creditor are Texas residents, and the judgment debtor has no property in the state. The trial court could also have concluded that Appellant's interest in obtaining convenient and effective relief and the interstate judicial system's interest in obtaining the most efficient resolution of controversies were low in that

- Appellant had the resources to locate Appellee[20] and could have sought enforcement of the judgment in Appellee's state of residence, where Appellee may have property, before the issue of whether the judgment is dormant ever arose;

- Appellant could have issued a writ of execution to renew the judgment here in Texas at any time after it acquired ownership of the judgment, rather than involve judicial resources; and

- this suit is arguably unnecessary or improper because, if the 1985 judgment is not dormant, then it could be renewed by a writ of execution, and Appellant has not asserted that a second judgment would give it any additional benefit.[21]

---

[20] Appellee's home address is listed in Appellant's pleadings.

[21] *See Stevens v. Stone*, 94 Tex. 415, 418, 60 S.W. 959, 959 (Tex. 1901) (holding that "a judgment creditor cannot maintain an action upon his judgment without showing some advantage to be gained thereby"); *Hall v. Okla. Factors, Inc.*, 935 S.W.2d 504, 506 (Tex. App.—Waco 1996, no writ)

10

Appellant contends on appeal that it was unable to have a writ issued within the meaning of section 34.001 because Appellee has no property within Texas. But the law requires only "clerical preparation of the writ within the statutory time period" and "either actual delivery to the appropriate officer within the period or, if actual delivery is made after expiration of the statutory period, then reasonable diligence in making delivery from the date shown on the writ until actual delivery to the officer."[22] Unconditional delivery of the writ to an officer of the state will satisfy the requirements, even if the judgment debtor has no assets in the state.[23] Thus, Appellant could have renewed the judgment by issuing a writ of execution, but instead it took no action at all for twenty years.

---

(stating that "in most instances an action on a judgment will not lie unless the judgment sued upon has become dormant and the second action is brought to revive the original judgment"); *Elliott v. San Benito Bank & Trust Co.*, 137 S.W.2d 1070, 1071 (Tex. Civ. App.—San Antonio 1940, no writ) ("[A]n action similar to revival may be brought upon a judgment which is not dormant when it would give the holder of the judgment some additional advantage to which he is legally entitled under the circumstances of the case.").

[22] *Rollins v. Am. Express Travel Related Servs. Co.*, 219 S.W.3d 1, 4 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

[23] *See Leonard v. Delta County Levee Improvement Dist. No. 2*, 507 S.W.2d 333, 335-36 (Tex. Civ. App.—Texarkana 1974), *aff'd*, 516 S.W.2d 911, 913 (Tex. 1974).

For these reasons, we conclude that the trial court could have determined that the exercise of personal jurisdiction over Appellee offended traditional notions of fair play and substantial justice, and, importantly, to the extent that the trial court did so, Appellant does not challenge this finding.[24] Appellant argues on appeal only that Appellee had sufficient minimum contacts with Texas to support jurisdiction and that the statute of limitations had been tolled. Appellant did argue on appeal that "it certainly does not offend the sensitivities of the State that a 1985 judgment be renewed and revived for purposes of collection." But that argument was made in support of Appellant's contention that the operation of section 34.001 should not have resulted in the dismissal of its claims. Because the trial court could have determined that, regardless of the applicability of the statute of limitations, the exercise of personal jurisdiction over Appellee in this case offended traditional notions of fair play and substantial justice, and Appellant does not challenge such a finding, we overrule Appellant's first issue.[25]

---

[24] *See Pat Baker Co., Inc. v. Wilson*, 971 S.W.2d 447, 450 (Tex. 1998) ("It is axiomatic that an appellate court cannot reverse a trial court's judgment absent properly assigned error.")

[25] *See id.*

Appellant argues in its second issue that the trial court erred by finding that the statute of limitations had expired.  Appellant argues in its third issue that the trial court erred when it granted Appellee's motion to dismiss based on an affirmative defense of limitations without allowing Appellant the opportunity to amend its petition and replead its claims.  These issues relate only to the trial court's finding that the statute of limitations had expired.  Because we have held that the trial court's order could have been based on a determination that the exercise of personal jurisdiction would offend traditional notions of fair play and substantial justice, we do not reach these issues.[26]

## CONCLUSION

Having overruled Appellant's first issue as dispositive, we affirm the trial court's order dismissing Appellant's petition.

> LEE ANN DAUPHINOT
> JUSTICE

PANEL B:   DAUPHINOT, GARDNER, and WALKER, JJ.

WALKER, J. concurs without opinion.

DELIVERED: March 20, 2008

---

[26] *See* TEX. R. APP. P. 47.1.

13