COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-459-CV

 

 

THE CADLE COMPANY                                                         APPELLANT

 

                                                   V.

 

ZAID FAHOUM                                                                       APPELLEE

 

                                              ------------

 

           FROM
THE 236TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








The Cadle Company, Appellant,
appeals the trial court=s order
dismissing  its petition to renew a
judgment.  In three issues, Appellant
argues that the trial court erred by (1) finding that Appellee Zaid Fahoum
negated all alleged grounds of personal jurisdiction; (2) finding that the
statute of limitations had expired; and (3) not allowing Appellant to amend and
replead its claims.  Because we hold that
Appellee sufficiently negated all grounds for personal jurisdiction asserted by
Appellant, we affirm.

Facts and Procedural History

MBank Fort Worth obtained a
default judgment against Appellee in 1985, in a liquidated claim based on a
note.  Appellant filed a petition to
renew the judgment on March 30, 2006. 
Appellee filed a motion to dismiss subject to a special appearance, in
which he stated that he is not a resident of Texas, that he does not have
minimum contacts with Texas, and that the exercise of jurisdiction would offend
traditional notions of fair play and substantial justice.  The motion further alleged that because the
judgment is over twenty years old and Appellant never requested a writ of
execution, the State of Texas has little or no interest in adjudicating the
suit, and the judgment is dormant and incapable of being revived.  Appellee further averred that he was not a resident
of Texas when the cause of action accrued or the judgment was obtained, that he
was a resident of Michigan at the time of the 1985 suit and judgment, that he
is now a resident of California, and that he had never been served with a writ
of execution by MBank, its successors, or Appellant.  In Appellee=s affidavit, attached to the motion, he did acknowledge that a default
judgment was rendered against him in 1985 and that Appellant purchased the
judgment in 1992.  








Appellant subsequently filed
its second amended petition to renew the judgment.  In its pleadings, Appellant alleged that 

while
domiciled in the State of Texas, [Appellee] entered into the debt obligation
with Mbank Fort Worth upon which judgment was ultimately rendered.  Thereafter, [Appellee] moved to the State of
Texas and became a resident.  In 1990,
[Appellee] moved from the State of Texas and has been absent from the State
since that time.

 

Appellant alleged in its petition that by
operation of former article 5532 of the Texas Revised Civil Statutes,[2]
the judgment had a life of ten years, but that article 5532 is tolled by
section 16.063 of the Texas Civil Practice and Remedies Code while Appellee is
absent from the state.  Appellant further
asserted that former article 5532 is now section 34.001 of the Texas Practice
and Remedies Code. 








Although Appellant states in
its reply brief that it Aexpressly
alleged@ in its petition that Appellee was a resident of Texas when the cause
of action accrued and that he exited the state after the rendition of the
judgment, the evidence shows that Appellee was served in the 1985 suit as a
nonresident.  Thus, Appellee was not a
Texas resident at the time of the 1985 judgment.  From reading the petition, as best we can
tell, Appellant contends that Appellee lived in Texas (so as to establish
domicile here), then moved out, and then moved back again (Athereafter@ moving to
Texas and becoming a resident), and then moved again in 1990.  The record shows that at least as of 1985,
Appellee was not a resident, and Appellant=s petition does not make any specific, clear allegation as to what
periods of time Appellee was actually in Texas, whether he was physically
present in Texas when he entered into the note with MBank, and whether he was
in Texas when he defaulted on the note.

The trial court granted
Appellee=s motion to dismiss on the grounds that the statute of limitations had
expired and that the court did not have jurisdiction over Appellee.  Appellant timely filed this appeal.

Standard
of Review








The issue of whether a trial
court has personal jurisdiction over a defendant is a question of law, although
Athe trial court frequently must resolve questions of fact before
deciding the jurisdiction question.@[3]  If the trial court does not issue findings of fact and conclusions of
law with its special appearance ruling, Aall facts necessary to support the judgment and supported by the
evidence are implied.@[4]  These implied findings are not
conclusive when the appellate record includes the reporter=s and clerk=s records,
and they may be challenged for legal and factual sufficiency;[5]
there is no reporter=s record in
this case.

Analysis








Texas courts may exercise
personal jurisdiction over nonresident defendants in accordance with the Texas
long-arm statute.[6]  The long-arm statute extends Texas courts= personal jurisdiction Aas far as the federal constitutional requirements of due process will
permit.@[7]  Personal jurisdiction meets
constitutional due process requirements when two conditions are met: A(1) the defendant has established minimum contacts with the forum
state, and (2) the exercise of jurisdiction comports with traditional notions
of fair play and substantial justice.@[8]  Once it has been determined
that the defendant has established minimum contacts with the state, only rarely
will the exercise of jurisdiction not comport with traditional notions of fair
play and substantial justice.[9]  Courts consider the following factors, as
appropriate: 

(1)
the burden on the defendant; (2) the interests of the forum state in
adjudicating the dispute . . . ; (3) the plaintiff=s
interest in obtaining convenient and effective relief; (4) the interstate
judicial system=s
interest in obtaining the most efficient resolution of controversies; and (5)
the shared interest of the several states in furthering fundamental substantive
social policies.[10]

 

A Texas judgment becomes
dormant if a writ of execution is not issued within ten years after the
rendition of the judgment.[11]  A judgment may be revived by scire facias or
an action of debt brought within two years of the judgment becoming dormant.[12]  A judgment creditor may renew a judgment and
keep it alive indefinitely by having a writ of execution issued within ten
years of the previous writ.[13]  








Section 16.063 of the Texas
Practice and Remedies Code (the Atolling statute@) provides
that A[t]he absence from this state of a person against whom a cause of
action may be maintained suspends the running of the applicable statute of
limitations for the period of the person=s absence.@[14]  This section generally does
not apply to nonresidents, but it has been held to apply to a nonresident
defendant who was in Texas when the cause of action accrued or when the
defendant entered into a debt obligation and the cause of action is based on
the defendant=s default on
the debt.[15]








Before considering the merits
of Appellant=s issues on
appeal, we note that although Appellant contended in its petition that section
34.001 was formerly article 5532, in fact section 34.001 was formerly article
3773.[16]  Both section 34.001 and article 3773 provide
that a judgment becomes dormant if no writ of execution is issued within ten
years.[17]  Former article 5532 allowed a ten year period
for bringing an action to revive a dormant judgment; that statute, recodified
as section 31.006, now allows only two years for bringing a revival action.[18]  We are unable to determine from either
Appellant=s petition
or its arguments on appeal whether it alleged below that the judgment never
became dormant because section 34.001 was tolled, or whether it claimed that
the judgment had become dormant but that, because section 31.006 was tolled,
the time period for reviving the judgment has not passed.  Appellant=s arguments apply equally to either contention and are unsuccessful
here in either case.








In its first issue, Appellant
argues that Appellee=s entire
special appearance rested on the issue of whether or not the statute of
limitations had run.  Appellant further
argues that the trial court erred by finding that Appellee negated all alleged
grounds of personal jurisdiction. 
Appellant contends that the following statement in its petition
sufficiently alleged a ground for personal jurisdiction that Appellee failed to
negate: AJurisdiction and venue are proper in the 236th Judicial District Court
in Tarrant County, Texas, because it is the county and court in which the
original judgment was rendered.@ 

Even if Appellant=s statement did sufficiently allege a ground for personal
jurisdiction, Appellant=s contention
that Appellee=s special
appearance rested solely on the expiration of the statute of limitations is
incorrect.  Appellee=s assertion that jurisdiction would offend traditional notions of fair
play and substantial justice was broad enough to attack all grounds asserted by
Appellant.  To the extent that the trial
court may have determined that Appellee had sufficient minimum contacts with
the State of Texas to satisfy the Texas long-arm statute, the trial court could
have also determined that the exercise of jurisdiction would offend traditional
notions of fair play and substantial justice. 


Appellee asserted that the
exercise of jurisdiction would be unfair considering the burden on him in being
hauled into court from California. Although he did not demonstrate why
exercising personal jurisdiction would be an undue burden in this case,[19]
Appellant does not challenge this assertion on appeal.  








As for Texas=s interest in adjudicating the suit, the record supports Appellee=s argument that Texas=s interest, if any, is insignificant, and the trial court could have
so concluded.  Appellant sought to renew
a judgment that is twenty years old and on which no writ of execution has ever
been issued, neither the judgment debtor nor the judgment creditor are Texas
residents, and the judgment debtor has no property in the state.  The trial court could also have concluded
that Appellant=s interest
in obtaining convenient and effective relief and the interstate judicial system=s interest in obtaining the most efficient resolution of controversies
were low in that

$                  
Appellant had the resources to locate Appellee[20]
and could have sought enforcement of the judgment in Appellee=s
state of residence, where Appellee may have property, before the issue of
whether the judgment is dormant ever arose; 

 

$                  
Appellant could have issued a writ of execution
to renew the judgment here in Texas at any time after it acquired ownership of
the judgment, rather than involve judicial resources; and 

 

$                  
this suit is arguably unnecessary or improper
because, if the 1985 judgment is not dormant, then it could be renewed by a
writ of execution, and Appellant has not asserted that a second judgment would
give it any additional benefit.[21]








Appellant contends on appeal
that it was unable to have a writ issued within the meaning of section 34.001
because Appellee has no property within Texas. 
But the law requires only Aclerical preparation of the writ within the statutory time period@ and Aeither
actual delivery to the appropriate officer within the period or, if actual
delivery is made after expiration of the statutory period, then reasonable
diligence in making delivery from the date shown on the writ until actual
delivery to the officer.@[22]  Unconditional delivery of the
writ to an officer of the state will satisfy the requirements, even if the
judgment debtor has no assets in the state.[23]
Thus, Appellant could have renewed the judgment by issuing a writ of execution,
but instead it took no action at all for twenty years. 








For these reasons, we
conclude that the trial court could have determined that the exercise of
personal jurisdiction over Appellee offended traditional notions of fair play
and substantial justice, and, importantly, to the extent that the trial court
did so, Appellant does not challenge this finding.[24]  Appellant argues on appeal only that Appellee
had sufficient minimum contacts with Texas to support jurisdiction and that the
statute of limitations had been tolled. 
Appellant did argue on appeal that Ait certainly does not offend the sensitivities of the State that a
1985 judgment be renewed and revived for purposes of collection.@  But that argument was made in
support of Appellant=s contention
that the operation of section 34.001 should not have resulted in the dismissal
of its claims.  Because the trial court
could have determined that, regardless of the applicability of the statute of
limitations, the exercise of personal jurisdiction over Appellee in this case
offended traditional notions of fair play and substantial justice, and
Appellant does not challenge such a finding, we overrule Appellant=s first issue.[25]








Appellant argues in its
second issue that the trial court erred by finding that the statute of
limitations had expired.  Appellant
argues in its third issue that the trial court erred when it granted Appellee=s motion to dismiss based on an affirmative defense of limitations
without allowing Appellant the opportunity to amend its petition and replead
its claims.  These issues relate only to
the trial court=s finding
that the statute of limitations had expired. 
Because we have held that the trial court=s order could have been based on a determination that the exercise of
personal jurisdiction would offend traditional notions of fair play and
substantial justice, we do not reach these issues.[26]


Conclusion

Having overruled Appellant=s first issue as dispositive, we affirm the trial court=s order dismissing Appellant=s petition.

 

LEE ANN DAUPHINOT

JUSTICE

 

PANEL B:   DAUPHINOT, GARDNER,
and WALKER, JJ.

WALKER, J. concurs without opinion.

DELIVERED: March 20, 2008











[1]See Tex. R. App. P. 47.4.





[2]Act
approved Feb. 5, 1841, 5th Cong., R.S., ' 2, 1841 Tex. Gen. Laws 163,
164, reprinted in 2 H.P.N. Gammel, The
Laws of Texas 1822-1897, at 627, 628 (Austin, Gammel Book Co. 1898),
originally codified as Tex. Rev. Civ.
Stat. Ann. art. 5532, repealed by Act of May 17, 1985, 69th Leg.,
R.S., ch. 959, '
9(1), 1985 Tex. Gen. Laws 3242, 3322 (revised and codified at Tex. Civ. Prac. & Rem. Code Ann. '
31.006 (Vernon 1997)).





[3]BMC
Software Belgium, N.V. v. Marchand, 83 S.W.3d 789, 794 (Tex.
2002). 





[4]Id. at
794.





[5]Id. at
795.





[6]Tex. Civ. Prac. & Rem. Code Ann. ''
17.041-.045 (Vernon 1997 & Supp. 2007); BMC Software, 83 S.W.3d at
795.  





[7]BMC
Software, 83 S.W.3d at 795.  





[8]Id. (citing
Int=l
Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154
(1945)).  





[9]Guardian
Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C., 815
S.W.2d 223, 231 (Tex. 1991).  





[10]Id. 





[11]Tex. Civ. Prac. & Rem. Code Ann. '
34.001(a) (Vernon 1997); see also Cox v. Nelson, 223 S.W.2d 84, 86 (Tex.
Civ. App.CTexarkana
1949, writ ref=d)
(applying prior version of the statute and holding that a judgment becomes
dormant if no writ of execution is issued within ten years).





[12]Tex. Civ. Prac. & Rem. Code Ann. '
31.006 (Vernon 1997).





[13]Tex. Civ. Prac. & Rem. Code Ann. '
34.001(b).





[14]Tex. Civ. Prac. & Rem. Code Ann. '
16.063 (Vernon 1997).





[15]See
Howard v. Fiesta Tex. Show Park, Inc., 980 S.W.2d 716, 722-23
(Tex. App.CSan
Antonio 1998, pet. denied) (noting that A>[a]s a general rule, the . .
. tolling provision does not apply to nonresidents,=@ but
that Athe
tolling provision applies to a nonresident who was present in the state when
the obligation (debt) arose.@).





[16]Act
of May 17, 1985, 69th Leg., ch.  959, ' 1,
1985 Tex.  Gen. Laws 3242, 3272
(replacing repealed article 3773 with new section 34.001); Act of May 17, 1985,
69th Leg., ch.  959, ' 1,
1985 Tex.  Gen. Laws 3242, 3270
(replacing repealed article 5532 with new section 31.006); see also Hicks v.
First Nat=l
Bank in Dalhart, 778 S.W.2d 98, 100 (Tex. App.CAmarillo
1989, writ denied) (noting the revision and codification of former articles
5532 and 3773).





[17]Tex. Civ. Prac. & Rem. Code Ann. '
34.001; see also Hicks, 778 S.W.2d at 100. 





[18]Tex. Civ. Prac. & Rem. Code Ann. '
31.006.





[19]N.
Coast Commercial Roofing Sys., Inc. v. RMAX, Inc., 130
S.W.3d 491, 496 (Tex. App.CDallas 2004, no pet.)
(requiring the nonresident defendant to show that it would suffer an undue
burden if it had to defend the suit in Texas); Temperature Sys., Inc. v.
Bill Pepper, Inc., 854 S.W.2d 669, 676 (Tex. App.CDallas
1993, writ dism=d by
agr.) (same).





[20]Appellee=s
home address is listed in Appellant=s pleadings.





[21]See
Stevens v. Stone, 94 Tex. 415, 418, 60 S.W. 959, 959 (Tex. 1901)
(holding that Aa
judgment creditor cannot maintain an action upon his judgment without showing
some advantage to be gained thereby@); Hall v. Okla. Factors,
Inc., 935 S.W.2d 504, 506 (Tex. App.CWaco 1996, no writ) (stating
that Ain
most instances an action on a judgment will not lie unless the judgment sued
upon has become dormant and the second action is brought to revive the original
judgment@);
Elliott v. San Benito Bank & Trust Co., 137 S.W.2d 1070, 1071 (Tex.
Civ. App.CSan
Antonio 1940, no writ) (A[A]n
action similar to revival may be brought upon a judgment which is not dormant
when it would give the holder of the judgment some additional advantage to
which he is legally entitled under the circumstances of the case.@).





[22]Rollins
v. Am. Express Travel Related Servs. Co., 219 S.W.3d 1, 4 (Tex. App.CHouston
[1st Dist.] 2006, no pet.).





[23]See
Leonard v. Delta County Levee Improvement Dist. No. 2, 507
S.W.2d 333, 335‑36 (Tex. Civ. App.CTexarkana 1974), aff=d, 516
S.W.2d 911, 913 (Tex. 1974).





[24]See
Pat Baker Co., Inc. v. Wilson, 971 S.W.2d 447, 450 (Tex.
1998) (AIt is
axiomatic that an appellate court cannot reverse a trial court=s
judgment absent properly assigned error.@)





[25]See
id.





[26]See Tex. R. App. P. 47.1.